COMMONWEALTH *vs.* PATRICK WHALEN & another.

Hampshire.    September 20. — 29, 1881.    LORD & DEVENS, JJ., absent.

An indictment alleged that the defendant "feloniously did break and enter a certain building, to wit, the store of A., with intent then and there in said store to commit the crime of larceny." The evidence was that A. occupied a building, in which were a saloon, a kitchen, two dining-rooms and a bedroom, and in one of the dining-rooms, which was a front room into which a door opened from the street, there was a bar; that he kept and sold lager beer, cigars and oysters, and cooked meals for customers; and that the defendant entered by a back door which opened directly into the kitchen, one of the dining-rooms and the bedroom being between the kitchen and the bar-room. *Held,* that there was evidence for the jury that the building was a "store," within the ordinary meaning of that word as used in this Commonwealth; and that the defendant had no ground of exception to a ruling that he was not entitled, as a matter of law, to an acquittal on the ground of a variance between the allegation and the proof.

INDICTMENT alleging that the defendants, on December 27, 1880, at Easthampton, in the night time, "feloniously did break and enter a certain building, to wit, the store of one George W. White, there situate, with intent then and there in said store to

commit the crime of larceny;" and that the said defendants "then and there in the said store one gallon of oysters of the value of one dollar, and ten gallons of beer of the value of five dollars, of the property, goods and chattels of the said George W. White, in the said store, then and there being found, then and there feloniously did steal, take and carry away against the peace," &c.

At the trial in the Superior Court, before *Brigham*, C. J., George W. White testified for the government that he kept a saloon in the building in question; that he kept oysters, and cooked meals for customers; that there were in the building occupied by him a kitchen, two dining-rooms and a bedroom, and in one of these dining-rooms, which was a front room, there was a bar; that he kept and sold lager beer and cigars; that the bar-room was in the front part of the house, into which a door opened from the street; that the rooms next in the rear of this were the other dining-room and the bedroom, and in the rear of these were a kitchen and a small hall leading to the kitchen; and that the defendants entered by a back door which opened directly into the kitchen. The defendants asked the judge to rule that there was no sufficient evidence that the building described in the indictment was a store within the proper and legal signification of that term.

The judge declined so to rule; but instructed the jury that, in the description of the building in the indictment under the name of "store," there was not such a misdescription of that building as, upon the evidence, would constitute a variance between the allegation of the indictment and the evidence, entitling the defendants to an acquittal.

The jury returned a verdict of guilty; and the defendants alleged exceptions.

*C. Delano*, (*J. B. O'Donnell* with him,) for the defendants.

*C. H. Barrows*, Assistant Attorney General, for the Commonwealth.

FIELD, J. Assuming that, from the form of the indictment, it was necessary for the government to prove that the building into which the defendants broke and entered, " with intent then and there in said store to commit the crime of larceny," was a store, within the ordinary meaning of that word as used in this

Commonwealth, we think that there was evidence to be submitted to the jury that the building was a place in which merchandise was kept for sale; and that this is one of the common significations of the word "store" in this country. *Commonwealth* v. *Annis*, 15 Gray, 197. *Barth* v. *State*, 18 Conn. 432. *State* v. *Canney*, 19 N. H. 135.

We understand that the court, in the instruction to the jury to which exception was taken, only ruled that the defendants were not entitled to an acquittal on the ground that, as a matter of law, there was a variance between the allegations contained in the indictment and the proof. It does not appear from the exceptions that all questions of fact were not properly left to the jury.                *Exceptions overruled.*