HERBERT W. TOPPING v. ODIN G. CLAY.[1]

July 5, 1895.

Nos. 9402—(180).

**Negotiable Instrument—Title—Pleading.**

> In an action on a promissory note payable to the order of a third party, a mere allegation that the plaintiff "is now the owner and holder" is not a sufficient allegation of title in the plaintiff.

Appeal by defendant from an order of the district court for Ramsey county, Brill, J., overruling a demurrer to the complaint. Reversed.

*J. F. Fitzpatrick,* for appellant.

*S. L. Howell,* for respondent.

MITCHELL, J. In an action upon a promissory note alleged to have been executed by defendant, payable to the order of a third party, the only allegation of the complaint as to plaintiff's title was that he "is now the owner and holder of said note." We are of opinion that the complaint was demurrable; that, having shown the ownership of the note in a third party, he should have alleged an indorsement or assignment of it to himself by the payee.

We have frequently held that, where a party does not attempt to set up the source of his title to chattel or real property, a general allegation of ownership is sufficient, and will be deemed an allegation of an ultimate fact, and not of a mere conclusion of law. But we have never held that, if he alleged title to have been in a third party, it would be sufficient to then allege that he was now the owner, without alleging a transfer from such party to himself. But that is just this case. In describing the note sued on, plaintiff necessarily showed title in the payee, but fails in any way to connect himself with that title by any allegation of indorsement, assignment, or delivery. If the note had been payable to bearer, or if it had been alleged that the payee had indorsed it in blank, so that it would have been transferable by mere delivery, perhaps the complaint would have been helped out by the allegation that plaintiff was the "holder"; but, in the absence of either of these facts, no aid is derived from

[1] Reported in 63 N. W. 1038.

that allegation, because mere possession of a note payable to order, without any indorsement, is not even prima facie evidence of ownership. Van Eman v. Stanchfield, 10 Minn. 197 (255). Cases may be found on both sides of this question. This court has never before decided it, although we have assumed or said that a mere allegation that the plaintiff is the owner and holder of a note payable to the order of a third party is not a sufficient allegation of title. See Foster v. Johnson, 39 Minn. 378, 40 N. W. 255. We think this rule is not only sound on principle, but will also be conducive to more care on the part of pleaders. This court has always been disposed to construe pleadings liberally, in the supposed interests of substantial justice, but the results have not been very encouraging. It seems to have only made attorneys more careless, until now there is danger that pleading may become a lost art in this state.

This case, however, is one which never ought to have occupied the time or attention of this court. The loose pleading of the plaintiff gave defendant an opportunity to demur; but, while the demurrer was technically well taken, it seems to us that it was wholly unnecessary for the protection of any of defendant's substantial rights. Therefore we will not allow either party any statutory costs.

Order reversed.