HORTON, by Guardian *ad litem,* Respondent, vs. WYLIE, by Guardian *ad litem,* Appellant.

*October 21—November 11, 1902.*

*Accidental shooting: Recovery of damages: Minors: Unlawful possession and pointing of revolver.*

Defendant, a boy about thirteen years of age, had a loaded revolver, and with plaintiff, who was about the same age, was playing "cowboy," each in turn pointing the uncocked revolver at the other. Finally defendant pointed it, at full cock, at plaintiff. The latter struck it up with his hand and it was discharged, injuring him. *Held* that, as defendant was violating the statute forbidding any minor to go armed with a revolver (sec. 4397b, S. & B. Ann. Stats.) and also the statute making it unlawful for any one intentionally to point a gun or pistol at another (sec. 4391, S. & B. Ann. Stats.), plaintiff was entitled to recover his actual damages.

APPEAL from a judgment of the circuit court for Marathon county: CHAS. V. BARDEEN, Circuit Judge. *Affirmed.*

This is an action by the plaintiff to recover for personal injuries resulting from the discharge of a revolver while in the defendant's hands, the bullet penetrating the plaintiff's

skull and injuring his health and eyesight. In 1891, when the accident on which this action is based occurred, the parties were boys living in Wausau, and were each about thirteen years of age. Upon a certain morning in that year the plaintiff was driving cows to pasture, and the defendant went with him, having a loaded revolver in his possession. It appears that when the boys reached the pasture the defendant showed the revolver to the plaintiff, and they amused themselves for a time by alternately pointing it at each other and playing "cowboy" as they called it. At last the defendant pointed it at the plaintiff at close range and at full cock. Previous to this it appears that it had not been cocked. The plaintiff testified that the defendant told him to get down on his knees and say his prayers, and that it was the last he was going to breathe, and that the defendant had a determined look on his face; but the defendant testifies that he does not remember the language that passed at the time. The plaintiff struck up the revolver with his hand, and at the same moment it went off, inflicting a wound in the head, over the eye. The bullet itself was never extracted or found, and there was some conflict in the evidence as to whether it penetrated the skull, or was lodged between the plates of the skull. There was some testimony tending to show that the sight of the plaintiff's left eye was seriously and permanently injured as a result of the shot; also that the ultimate result to the plaintiff would be fatal. The jury returned a general verdict for the plaintiff for $1,800 damages, and from judgment thereon the defendant appeals.

For the appellant there was a brief by *Ryan, Hurley & Jones,* and oral argument by *M. A. Hurley.* They contended, *inter alia,* that both boys were armed with the revolver. The injury was not the *direct* result of their violation of the statute, but was caused by the discharge of the weapon, which confessedly was not an intended, but an accidental and remote result of their unlawful acts. Violation of a

penal statute does not render the guilty person liable to others for injuries unless such violation was the proximate cause of such injuries. *Goodwillie v. London G. & A. Co.* 108 Wis. 207; *Lockwood v. C. & N. W. R. Co.* 55 Wis. 50; *Kutchera v. Goodwillie,* 93 Wis. 448; *Schug v. C., M. & St. P. R. Co.* 102 Wis. 515. See also, *Evans v. American I. & T. Co.* 42 Fed. 519. If in the prosecution of an unlawful act one *intentionally* hurts another, although by the latter's consent, he is liable. *Adams v. Waggoner,* 33 Ind. 531; *Stout v. Wren,* 1 Hawks (N. C.) 420; *Bell v. Hansley,* 3 Jones (N. C.) 131; *Logan v. Austin,* 1 Stewart (Ala.) 476; *Dole v. Erskine,* 35 N. H. 503. But for an accidental injury, even when it is the direct result of defendant's act he is not liable. *Alderson v. Waistell,* 47 E. C. L. 358. The weapon was discharged by the plaintiff's own act, and, upon his counsel's theory of the law, if the bullet had happened to wound the defendant instead of plaintiff, the plaintiff would have been liable for the injury. How can such liability be transferred from him to the defendant by the mere chance of the direction in which the bullet happened to go? *Kingsley v. Bloomingdale,* 109 Mich. 340, 67 N. W. 333; *Grimmer v. Pennsylvania R. Co.* 175 Pa. St. 1, 34 Atl. 210; *Montgomery v. East Tenn. V. & G. R. Co.* 94 Ga. 332, 21 S. E. 571; *Fitsgerald v. Timoney,* 34 N. Y. Supp. 460; *Williams v. Woodward I. Co.* 17 So. 517; 16 Am. & Eng. Ency. of Law, 428, 431, 433, 436, 444, 446.

For the respondent there was a brief by *Brown, Pradt & Genrich,* and oral argument by *Neal Brown.*

WINSLOW, J. The trial judge charged the jury, in substance, that under the facts shown the plaintiff was entitled to recover his actual damages, because the defendant was at the time of the shooting violating the law of this state forbidding a minor from being armed with a dangerous weapon (sec. 4397*b,* S. & B. Ann. Stats.), by reason of which viola-

tion the injury complained of occurred. This instruction was duly excepted to, and the defendant, on the other hand, requested the following instruction, which was refused, and exception taken:

"If the jury are satisfied from the evidence that the boys, *Ralph Wylie* and *Clark Horton*, at the spot where the shot occurred, had the revolver there in common, both taking part freely in the use of it for the purpose of play and amusement, and for no other purpose, and with no other intent on the part of either, and that the shot was the result of pure accident, caused by the boy, *Clark Horton*, throwing up his hand and striking the revolver and causing it to explode, and thus causing the whole of the injury complained of, the jury should find for the defendant."

The rulings of the trial judge were plainly right. The case is ruled by the case of *Evans v. Waite*, 83 Wis. 286, 53 N. W. 445, where it was held that the accidental discharge of a revolver in the hands of a minor, by which another was injured, was an actionable wrong, and that a verdict for the plaintiff for compensatory damages was properly directed on such a showing, notwithstanding the fact that the plaintiff knew that the defendant was armed, and consented thereto. The present case is even stronger than *Evans v. Waite*, because in this case the defendant was not only violating the law forbidding minors to go armed with a revolver, but was also violating sec. 4391, S. & B. Ann. Stats., which makes it unlawful for any one to intentionally point a gun or pistol at another.

There are some assignments of error based upon the rulings upon evidence, but they are plainly not well founded, and we do not deem them of sufficient importance to justify detailed discussion.

*By the Court.*—Judgment affirmed.

BARDEEN, J., took no part.