NATIONAL LIFE & TRUST COMPANY v. WILLIAM E. GIFFORD.[1]

October 30, 1903.

Nos. 13,611—(55).

**Pleading—Title to Note.**

In an action upon a promissory note made payable to the order of a third party, allegations that the payee has indorsed said note, and that the plaintiff is now the owner and holder thereof, do not sufficiently show title in the plaintiff.

**Same—Foreign Corporations.**

Where a simple allegation in the complaint is that the plaintiff is a corporation duly organized and created under the laws of another state, Laws 1899, p. 68 (c. 69) has no application, and it is unnecessary to allege a compliance therewith.

Appeal by defendant from an order of the municipal court of Minneapolis, Dickinson, J., overruling a demurrer to the complaint. Reversed.

*Trafford N. Jayne,* for appellant.

*Smith & Wilson,* for respondent.

COLLINS, J.

The court below overruled a general demurrer to the complaint in an action brought upon a promissory note executed and delivered by defendant, and made payable to the order of Mooney & Squyer. The plaintiff, a foreign corporation, failed to allege title to the note, unless the allegations in the complaint that "Mooney & Squyer indorsed the same without recourse," and that plaintiff "is the owner and holder thereof," were sufficient for that purpose.

The drafting of a complaint in an action upon a promissory note is an exceedingly simple thing to do, and it is surprising that an insufficient pleading of this character can be presented. But it has been done in this case, and the order appealed from must be reversed. In Topping v. Clay, 62 Minn. 3, 63 N. W. 1038, the note there considered was made payable to the order of a third party, and it was merely alleged that the plaintiff "is now the owner and holder thereof." It

[1] Reported in 96 N. W. 919.

was held that this was not a sufficient allegation of title in the plaintiff. As was said, the plaintiff, in describing the note sued upon, necessarily showed title in the payee, but he failed in any way to connect himself with that title by any allegation of indorsement, assignment, or delivery. The same defect is apparent here. The only difference in the complaints in question is that in this there is the additional allegation that "Mooney & Squyer indorsed" the paper. It is not thereby alleged that the indorsement was in blank, which possibly might be a sufficient pleading, although this is not free from doubt, and we cannot infer from what is stated that it was a blank indorsement. The allegation in question might be strictly true if Mooney & Squyer had by their indorsement made the note payable to a total stranger to this action, and thus vested the actual title in him. If so, it is apparent that plaintiff has not connected itself with the ownership in any manner. Having shown by its pleadings that title to the note is in Mooney & Squyer as payee, the plaintiff should have alleged an indorsement or assignment to it by such payee, or have stated other facts which would have shown its ownership.

It is also urged that the complaint is demurrable because it failed to allege that plaintiff, a foreign corporation, as before stated, had complied with the provisions of Laws 1899, p. 68 (c. 69). That chapter was construed in G. Heileman Brewing Co. v. Peimeisl, 85 Minn. 121, 88 N. W. 441, and has been under consideration once or twice since. By its terms it is applicable to all foreign corporations organized for pecuniary profit which were established and doing business in the state at the time it went into effect, July 1, 1899, and to such corporations as thereafter proposed or attempted to transact business in this state. But so far as appears from the complaint, the plaintiff is not engaged in business in this state, and never has been. The allegation is simply that the plaintiff is a corporation duly organized and created under the laws of the state of Iowa. It does not even appear that the alleged cause of action grew out of any business transacted in this state at any time. The act does not apply to a corporation which has not transacted business in this state, and does not intend to, or to a corporation that is simply attempting to collect in our courts the obligation of one of our citizens. The constitutional right of such a corporation to sue in our courts without complying with the

terms of chapter 69 is plain. Again, it is beyond doubt that the somewhat onerous provisions of section 3 were never intended to apply to foreign corporations whose only business here was to enforce the collection of claims against residents of this state.

For the reasons stated in the concluding paragraphs of Topping v. Clay, supra, which exist here also, no statutory costs will be allowed the prevailing party.

Order reversed.