GEORGE WELSH and Another v. FIRST NATIONAL BANK OF BENSON.[1]

January 24, 1908.

Nos. 15,413—(197).

**Pleading—Transfer of Notes.**

Action by receivers of a corporation to recover the value of certain notes and orders payable to the corporation, which the complaint alleged were unlawfully transferred to the defendant to secure the personal debt of the president of the corporation. Findings of fact in favor of the defendant. *Held*, that the answer states a defense, that the trial court did not err in its rulings as to the admission of evidence, and that the findings are sustained by the evidence.

[1] Reported in 114 N. W. 765.

Action in the district court for Swift county by the receivers of a certain corporation to recover $3,014.25, the value of certain orders and promissory notes. The case was tried before Powers, J., who made findings in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*J. M. Freeman,* for appellants.

*Foland & McCune* and *E. L. Thornton,* for respondent.

START, C. J.

Depue Brothers Company was for some years prior to November 29, 1904, a corporation duly organized under the laws of this state. On the day named it was by the judgment of the district court of the proper county duly dissolved, and the plaintiffs herein were appointed receivers of the corporation and its estate. This is an action brought in the district court of the county of Swift by the receivers to recover from the defendant the value of certain orders and promissory notes, one of which was secured by a real estate mortgage, which, as the plaintiff alleged, were the property of the corporation and wrongfully and without authority assigned and delivered to the defendant. The answer admitted and alleged that the orders and notes were indorsed by the corporation and that the defendant was a bona fide indorsee of them for value before maturity. The cause was tried by the court without a jury. The findings of fact were to the effect that on October 7, 1903, the orders and notes in question were the property of E. L. Depue, and that on that day he transferred them to the defendant as collateral security for a pre-existing indebtedness of $2,000 then owing by him to the defendant; that the defendant took the notes and orders as such collateral security, before maturity and in good faith, in the usual course of business, without notice that the corporation had or claimed any title or interest therein. The plaintiffs appealed from an order denying their motion for a new trial.

The plaintiffs claim that the answer does not allege a defense, citing in support thereof the case of National Life & Trust Co. v. Gifford, 90 Minn. 358, 96 N. W. 919. In the case cited the complaint was upon a promissory note payable to the order of a third party, and alleged that the payee indorsed it and that the plaintiff was the owner

thereof. It was held on demurrer that the complaint did not state a cause of action, because it failed to connect the plaintiff with the title of the payee. The complaint did not allege that the note was indorsed in blank. In the case at bar the complaint alleged that the notes and orders in question were payable to the order of the corporation, Depue Brothers Company, of which E. L. Depue was president and L. M. Depue was secretary and manager thereof; that the president and secretary, without the knowledge of the other officers and stockholders, assigned and delivered each of the notes and orders to the defendant for the purpose of paying the personal debt of the president; that when the notes and orders were so assigned to defendant the corporation was the owner thereof, which the defendant then well knew. The answer admitted and alleged that the notes and orders were each duly indorsed by the corporation, and, so indorsed and before maturity, were duly delivered to the defendant; that it took and received the notes and orders in the usual course of business, before maturity, for a valuable consideration, without any notice that the corporation had or claimed any title or interest in them; that all of the officers and stockholders had full knowledge of the indorsement and delivery of the notes and orders to the defendant. While the answer is not a model pleading, we are of the opinion that it states a defense, and, further, that the allegations of the complaint and answer, taken together, show that there was, in form at least, a transfer and indorsement of the notes and orders to the defendant, and that the real issue tendered was as to the validity of such transfer.

The plaintiff assigns as error the rulings of the trial court as to the admission of evidence. We have examined all of the alleged errors which are discussed in the brief, and do not find any reversible error therein.

The real and important question in this case is whether the findings of the trial court are sustained by the evidence. There was evidence tending to show that L. M. Depue, the secretary and manager of the corporation, had at all times full control and management of all of the property and business of the corporation with the consent and acquiescence of the directors and stockholders; that the president of the corporation, E. L. Depue, did not reside at the place where the

business of the corporation was carried on and had nothing to do with it; that L. M. Depue, as such secretary and manager, sold the notes and orders to E. L. Depue, and received from him therefor a certificate of deposit issued by him as a private banker to the corporation; that thereupon the secretary and manager indorsed each of the notes and orders in blank thus, "Depue Brothers Company, by L. M. Depue, Secretary and Manager," and delivered them to E. L. Depue, who transferred and delivered them to the defendant, as found by the trial court. The record discloses some circumstances of considerable probative force which tend to sustain the contention of the plaintiff that the transaction in question was a scheme to secure the private debt of E. L. Depue with the assets of the corporation. For example, the certificate of deposit called for only four per cent. interest and was due in six months, while the note and orders were good, called for interest at eight per cent., and would mature in a less time than the certificate of deposit. The credibility of the testimony of the witnesses was a question for the learned trial judge, who had an opportunity to observe them; and, further, the evidence indicates quite clearly that the defendant acted in good faith in the premises. Upon the whole record, we hold that the findings of the trial court are sustained by the evidence.

Order affirmed.