PHILIP WELKER v. ANHEUSER-BUSCH BREWING ASSOCIATION and Another.[1]

January 24, 1908.

Nos. 15,438—(155).

**Statutory Duty of Tenant.**

A lessee of a building containing an elevator, or hand hoist, is charged with the statutory duty of maintaining the same with the safety devices required by section 2250, G. S. 1894, although no such duty is imposed by the terms of the lease.

[1] Reported in 114 N. W. 765.

##### Same—Officer of Corporation.

Where such lessee is a corporation, the duty of enforcing the statute rests upon the officers in charge of and conducting the business of the company. One who becomes a stockholder in such a corporation under an agreement with other stockholders that he should be elected secretary and treasurer and receive a salary as such, and before such election assumes to discharge the duties of the office, is an officer de facto.

##### Same—De Facto Officer.

If, during the time such person is acting as a de facto officer, he also engages in other duties not naturally incident to his office, and without any special agreement or compensation therefor, such performance does not constitute him an employee of the company, and if he is injured while assisting in operating a hand hoist he is chargeable with his own negligence in failing to comply with the statute, and the owner of the building is not liable to him as an employee of the lessee.

Action in the district court for Ramsey county to recover $50,400 damages for personal injuries sustained by plaintiff. The case was tried before Orr, J., who directed the jury to return a verdict in favor of the defendant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Humphrey Barton,* for appellant.

*William P. Westfall,* for respondent.

LEWIS, J.

The Anheuser-Busch Brewing Association, respondent, was the owner of a certain two-story and basement frame building in St. Paul, in which was a freight elevator known as a "hand hoist," operated by ropes and pulleys, but not equipped with mechanical safety devices, as provided by section 2250, G. S. 1894. On February 17, 1904, the building was leased to the American Broom Company, a corporation, for the period of three years, and that company took possession of it on April 1, 1904, and was in possession thereof at the time of the accident. On or about the middle of December, 1905, appellant and one Hofmeister entered into an agreement to purchase the stock of certain stockholders, and in connection with the then vice president and general manager, Mr. Van, were to own the entire capital stock and to continue the business. At the time of the accident appellant and Mr. Hofmeister had already put up their money for the purchase

of the stock, and all the stock so purchased was placed in the safe of the company awaiting Mr. Van's deposit for the remainder of the stock, after which, according to an understanding between them, a meeting would be called for the purpose of electing Mr. Hofmeister president, Mr. Van vice president and general manager, and appellant secretary and treasurer of the company. Without waiting for such election of officers the parties assumed control of the business; Mr. Van continuing as vice president and general manager, and appellant acting as secretary and treasurer and being in charge of the office. This condition continued three or four weeks, until February 12, 1906, when appellant was injured in the following manner:

He was assisting another employee in taking bales of broom corn from an upper floor to the basement by means of the hand hoist, and, after unloading and hauling the material away, returned to find the elevator had gone to the top of the shaft, and, experiencing some difficulty in getting it down appellant stepped into the elevator opening to see if the elevator was coming down, and while there it fell on him, causing serious injuries. This action was commenced against respondent and the American Broom Company to recover damages, based upon the failure to comply with the statutory regulations. The American Broom Company did not answer, and the court directed a verdict for respondent upon the ground that it conclusively appeared from the evidence that appellant was himself negligent in maintaining the elevator without safety devices, and upon the further ground that he was guilty of contributory negligence in stepping into the elevator shaft in the manner stated.

That portion of section 2250 having application to this case reads: "All elevator cabs or cars, whether used for freight or passengers, shall be provided with some suitable mechanical device whereby the car or cab will be securely held in the event of accident to the shipper rope, or hoisting machinery, or from any similar cause." Unless the owner had itself complied with the statute or required the lessee to do so, it could not escape responsibility if appellant was an employee of the lessee. Tvedt v. Wheeler, 70 Minn. 161, 72 N. W. 1062. If appellant was a mere stranger in the building, respondent would not be liable, under the decision of Hamilton v. Minneapolis Desk Mnfg.

Co., 78 Minn. 3, 80 N. W. 693, 79 Am. St. 350. If the American Broom Company was also charged with the duty of equipping and maintaining the elevator with safety devices, then appellant cannot recover in this action, if he was an officer of the company and as such was charged with the duty of seeing that the statute was enforced.

Appellant submits that he was not an officer of the American Broom Company at the time of the accident, for the reason that no election of officers had taken place, and that he was temporarily engaged in performing whatever services might be required of him as an employee of the company. Appellant also suggests that, conceding he was an officer de facto, yet in this particular instance he was not performing the duties of such officer, but to all intents and purposes was an employee merely, and that respondent is liable under the doctrine of the Tvedt–Wheeler case. Appellant admitted his connection with the company was that of a stockholder, and pursuant to an arrangement between Mr. Hofmeister, Mr. Van, and himself he was to act as secretary and treasurer, attend to the office business, and draw a salary as such officer; that he was not employed in any other capacity, and was to receive no other compensation for the performance of services such as he was engaged in at the time of the accident.

It was conclusively established by the evidence that, in connection with his two associates, appellant had taken possession of the building and the business of manufacturing brooms therein, and that at the time of the accident he was in temporary general control of the business during the absence of Mr. Hofmeister and Mr. Van, and that in assisting in handling bales of broom corn on this occasion he did so voluntarily and was not acting under the order or direction of any superior officer. Under such circumstances it can make no possible difference that the election of officers had not yet taken place, or that appellant had not been formally declared secretary and treasurer. He was acting in that capacity, and to all intents and purposes was a de facto officer. The company was charged with the duty of complying with the statute, and as an officer appellant was charged with the duty of seeing that the law was carried into effect. He was not an employee of the American Broom Company within the rule of Tvedt v. Wheeler, supra.

Our conclusion upon this point makes it unnecessary to consider whether there was evidence sufficient to go to the jury upon the question of contributory negligence.

Affirmed.