JOHN E. WOOD, ADMINISTRATOR, *vs.* JAMES H. O'NEIL
ET ALS.

Third Judicial District, Bridgeport, April Term, 1916.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

In merely giving a shotgun to a son not quite sixteen years old, his parents cannot be said to be negligent as matter of law.

In an action to recover damages for negligently causing the death of the plaintiff's intestate by the discharge of a shotgun in the hands of a boy, which had been given to him by his parents, the plaintiff was nonsuited as respects the parents and a verdict in favor of the boy was rendered by the jury, each of which the trial court refused to set aside. *Held:—*

1. That inasmuch as there was no evidence of any negligence upon the part of the parents, the judgment of nonsuit in their favor was properly rendered.

2. That in view of the conflicting evidence as to the way in which the shooting happened, it was reasonably open to the jury to find a verdict for either party, and therefore it could not be said that the trial court erred in refusing to set aside a verdict for the defendant son.

The appellant complained of the alleged failure of the court to charge as requested. *Held* that the requests in so far as they correctly stated the law and were applicable to the case, were covered by the instructions as given; and that the appellant's criticisms of other portions of the charge as ambiguous, misleading and injurious, were not well founded.

Argued April 12th—decided June 2d, 1916.

ACTION to recover damages for negligently causing the death of the plaintiff's intestate, brought to the Superior Court in Fairfield County and tried to the jury before *Williams, J.;* verdict and judgment for the defendant Timothy O'Neil, after the plaintiff had been nonsuited with respect to the two other defendants, and appeal by the plaintiff. *No error.*

The following facts appear to be undisputed: The defendant Timothy O'Neil was nearly sixteen years old at the time of the tragedy, and had some, but not

much, experience in using shotguns. About November 1st, 1911, his parents bought and put into his hands a shotgun. On November 7th, Timothy O'Neil, in company with the plaintiff's decedent, Margaret Wood, and another girl, walked from O'Neil's house for some distance through a tract of woods to a public highway, taking with them the shotgun which Timothy O'Neil had loaded less than half an hour before. The plaintiff's decedent carried the gun through the woods and the defendant Timothy O'Neil took it from her when they reached the highway, where they were joined by another boy. They stood together talking until one of the party started to go home. Timothy had been leaning on the gun as it rested with its butt on the ground. He raised it to a horizontal position when the gun was in some manner discharged, and the plaintiff's decedent, Margaret Wood, aged sixteen, who was standing about ten feet away from the defendant, received the charge in her throat and died within a few minutes.

The plaintiff claimed and offered evidence to prove that Timothy O'Neil had forgotten that the gun was loaded, and that he negligently pointed it at the plaintiff's decedent and pulled the trigger in the belief that it was not loaded.

The defendant denied that he purposely pointed the gun at Margaret Wood, denied that he pulled the trigger, and claimed that as the party was about to separate he lifted the gun for the purpose of carrying it under his arm or over his shoulder, and that the gun was accidentally discharged by reason of the hammer catching in some portion of his clothing.

The plaintiff further offered evidence from which he claimed to have proved that the parents of the boy were negligent in putting a dangerous weapon into his hands. At the close of the plaintiff's evidence in chief the court directed a nonsuit in favor of the parents, and after-

Wood *v.* O'Neil.

ward refused to set aside the verdict of the jury in favor of the boy.

*John J. Walsh* and *Edward J. Quinlan,* for the appellant (plaintiff).

*John H. Light,* with whom was *Freeman Light,* for the appellees (defendants).

BEACH, J. The plaintiff complains (a) of the refusal to set aside the nonsuit in favor of the parents, (b) of the refusal to set aside the verdict in favor of the boy, and (c) of certain alleged errors in the charge of the court to the jury.

(a) It is alleged in paragraph four of the complaint that the parents knew when they put the gun into the boy's hands that it was a dangerous weapon in his hands. In so far as this can be construed as a charge of negligence based upon knowledge of any defect in the gun itself, it is not sustained by the evidence. There was some testimony that the gun was lighter on the trigger than an ordinary gun, and that this was due to a peculiarity of its internal construction, which in the opinion of one expert witness amounted to a defect; but there was nothing to show that either of the parents knew of that peculiarity, or that it was so marked that they ought to have known of it in the exercise of reasonable care.

Paragraph seven of the complaint alleges that the parents were negligent in permitting the boy to continue to use the gun, although they knew that on several occasions he had used it in a reckless and careless manner. No testimony whatever was offered in support of this allegation, although it appeared that the boy had been more or less accustomed to the use of shotguns.

Great importance is attributed to the mother's statement made after the accident, that she did not want the boy to have the gun, as indicating a consciousness that he ought not to have been trusted with it. There was, however, no evidence, outside of that offered by the story of this accident, that the boy was more careless than other boys of his age; and therefore no foundation for attributing the natural maternal caution of the mother to a knowledge that the boy was possessed of a marked careless disposition.

Upon an examination of all the evidence, we think the case against the parents amounted to no more than a claim that they were negligent in the eye of the law solely because they put a shotgun into the hands of a boy not quite sixteen years old; a proposition which is manifestly untenable.

(b) The plaintiff and the defendant presented to the jury two different versions of the accident. The plaintiff's version was that the defendant negligently caused the discharge of the gun by pulling the trigger while it was pointed at the plaintiff's decedent under the belief that it was not loaded, although he admittedly had loaded it about half an hour before. Two witnesses testified, in support of this claim, that the defendant immediately after the accident said in explanation of it that he had pulled the trigger and the gun went off. On the other hand, this important testimony was directly contradicted by one of the plaintiff's own witnesses who was present and heard the conversation and denied that the defendant used the language attributed to him. The defendant also denied making such a statement, denied that he pulled the trigger, and claimed that the gun went off while he was lifting it to carry it home under his arm or upon his shoulder. His explanation was that the hammer must have caught in his clothing. He testified positively that the gun was not

cocked when he handed it to Margaret Wood, but admitted that he did not notice whether it was cocked or not when she handed it back to him after carrying it through the woods, and he admitted that he thought the gun was not loaded.

If the jury believed the defendant's story that the gun was not cocked when he handed it to Margaret Wood, that he did not pull the trigger, and found that the gun went off while he was lifting it to carry it home, either because Margaret Wood had cocked it, or because the hammer caught in his clothing, they might reasonably have found a verdict in his favor. On the first hypothesis, because Margaret Wood was guilty of contributory negligence; or on the second, because the defendant's negligence in failing to remember that the gun was loaded was not the proximate cause of the injury. It follows that we cannot say that the court erred in refusing to set the verdict aside.

(c) The first and fifth requests to charge were substantially complied with by the charge of the court that due care in any given circumstances means care proportionate to the danger involved in the situation presented. The court also charged substantially in conformity with the second and third requests, except that it omitted the word "folly" from the phrase "negligence or folly"; but since folly is not actionable unless it is also negligence, there was no error in this omission. The fourth request to charge, taken from *Morris* v. *Platt*, 32 Conn. 75, 87, was properly refused because the defendant was not charged with intentionally firing the gun.

The remaining assignments of error relate to portions of the charge as given which are excepted to not because they state erroneous propositions of law, but because they are said to be ambiguous, injurious, or so abstract in form and substance as to be misleading

under the circumstances of this case. These criticisms are not in our opinion well founded.

The case is one of extraordinary human interest, and the jury, if they had taken a different view of the evidence, might reasonably have rendered a plaintiff's verdict against the boy; but the record discloses no errors in the conduct of the trial.

There is no error.

In this opinion the other judges concurred.