IRA WHITE *v.* HOWARD LEVARN.

November Term, 1917.

Present: WATSON, C. J., HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed February 12, 1918.

*Sunday—Unlawful Hunting—Injuries to Persons—Liability—Defence—Contributory Negligence.*

Discharging firearms on Sunday being prohibited by P. S. 5957 (G. L. 7099), the shooting which injured the plaintiff was an unlawful act voluntarily done, and the defendant is answerable in an action of trespass for the injury to the plaintiff either by carelessness or accident.

Contributory negligence is not a defence in an action of trespass for the unlawful shooting of the plaintiff by the defendant.

ACTION OF TRESPASS. Plea, the general issue. Trial by Court at the June Term, 1916, Addison County, *Miles,* J., presiding. Judgment for the defendant. The plaintiff excepted.

*Joel W. Page* and *Guy M. Page* for the plaintiff.

*J. G. Page* and *James B. Donoway* for the defendant.

WATSON, C. J.  The declaration contains two counts: One in trespass and one in case.  On October 5, 1913, which was Sunday, the plaintiff and the defendant together went hunting partridges and gray squirrels, each being armed with a shot gun.  Late in the afternoon, separating from each other, the defendant started through the woods, following along a short distance from, and nearly parallel with, a stone wall which separated the woods from a small clearing.  The plaintiff, at the same time, started along in the same direction on the other side of the wall, following it along for a distance of 25 to 35 rods, when he sat down on the wall, and while sitting there was shot in the face and chest by the defendant, receiving the injuries complained of.  When injured the plaintiff was wearing a cap of the color of a gray squirrel, and the defendant mistook it for such a squirrel, doing the shooting without intending to hit the plaintiff.  They were 128 feet apart.  On the facts found, a majority of the court rendered judgment for the defendant, the presiding judge dissenting.  The case is here on plaintiff's exceptions to the reception of certain evidence, and to the judgment.

Hunting and shooting wild game or other birds or animals, or discharging firearms, on Sunday, (with some exceptions not material here,) is unlawful by statute.  P. S. 5957; *Duran* v. *Standard Life, etc., Ins. Co.,* 63 Vt. 437, 22 Atl. 530, 13 L. R. A. 637, 25 Am. St. Rep. 773.

The shooting which injured the plaintiff was therefore an unlawful act voluntarily done by the defendant, and he is answerable in an action of trespass, for the injury which happened to the plaintiff either by carelessness or accident.  *Vincent* v. *Stinehour,* 7 Vt. 62, 29 Am. Dec. 145; *Wright* v. *Clark,* 50 Vt. 130, 28 Am. Rep. 496; *Bradley* v. *Andrews,* 51 Vt. 530; *Judd* v. *Ballard,* 66 Vt. 668, 30 Atl. 96; *Isham* v. *Dow's Estate,* 70 Vt. 588, 41 Atl. 585, 45 L. R. A. 87, 67 Am. St. Rep. 691.

Against objection and exception, the defendant was permitted to introduce evidence for the purpose of showing contributory negligence by the plaintiff, and facts are found thereon.  Without noticing the question of admissibility of such evidence under the count in case, we dispose of the case according to the rights of the parties under the count in trespass.  In *Willey* v. *Carpenter,* 64 Vt. 212, 23 Atl. 630, 15 L. R. A. 853, an action of trespass for assault and battery, it was held to be clear

and unquestionable that consent to an assault is no justification, for since the State is wronged by it, the law forbids it on public grounds.   The same doctrine was applied in *State* v. *Roby*, 83 Vt. 121, 74 Atl. 638.   From this it must logically follow that contributory negligence is no defence in an action of trespass for a similar offence in law.

Judgment reversed, and judgment for the plaintiff.   Cause .remanded for the assessment of damages.

POWERS, J., regards the violation of the statute referred to as the condition and not the cause of the plaintiff's injury, and, on the strength of *Dervin* v. *Frenier*, 91 Vt. 398, 100 Atl. 760, dissents.