# JAMES E. KELLY v. THEO. HAMM BREWING COMPANY. MATILDA KELLY v. SAME.[1]

June 28, 1918.

No. 20,863.

**Hatchway guard — statute construed — "store" includes saloon.**

1. Section 3873, G. S. 1913, requiring every hoistway, elevator well and hatchway in any factory, mill, workshop, storehouse or store to be guarded and protected by substantial barriers, *held* to apply to a building wherein is maintained a hatchway or trapdoor as a means of access to the basement, though the business carried on therein is that of the ordinary saloon, there being present upon the premises employees for whose protection the statute was enacted. The building is a "store" within the meaning of the statute.

**Master and servant — action for negligence — violation of statute.**

2. The proprietor of such place who is injured by falling into a trap door located on the main floor thereof, which should have been guarded as required by the statute, the door being raised and left open by a third person, is not entitled to recover against such person though the act of leaving the door open was one of negligence, for the failure of compliance with the statute is the proximate cause of the injury.

Two actions in the district court for Ramsey county, one by the wife to recover $10,000 for inability to carry on her business on account of her injuries; the other by the husband to recover $5,000 general damages and $1,570 special damages for loss of services and companionship of his wife. The cases were tried before Michael, J., who granted defendant's motions for directed verdicts in its favor. From an order denying their motions for a new trial, plaintiffs appealed. Affirmed.

*John C. De Courcy* and *Martin J. Hurley,* for appellants.

*Barrows & Stewart,* for respondent.

BROWN, C. J.

Plaintiffs in these two actions are husband and wife. The wife received certain injuries to her person by reason of the alleged negligence

[1]Reported in 168 N. W. 131.

of defendant and the action in her name was brought to recover damages therefor. The action by the husband was brought to recover for loss of companionship and the expense incurred in the care and medical attention of the wife pending her recovery. The actions were tried together in the court below, at the conclusion of which verdicts were directed for defendant. Plaintiffs joined in an appeal from an order denying a new trial.

It appears from the pleadings and evidence that at the time Mrs. Kelly received her injuries, namely, on April 1, 1915, she was engaged in her own right in the retail liquor business upon premises occupied by her at 335 Rice Street, in the city of St. Paul, and had been so engaged at the same place during the preceding 10 or 12 years. Though on the trial she attempted to show that she had parted with her interest in the business some time prior to the accident which resulted in the injury complained of, she was not permitted to dispute the allegations of her complaint affirmatively alleging the fact, and the trial proceeded on the allegation that at the time of the injury she was the owner of the business. The case must be so treated in this court. As such owner and dealer she received her weekly supply of beer from defendant, and the quantity ordered was delivered upon the premises by one of its servants. There was in the bar-room a passageway leading to the rear of the building, in which and in a dimly lighted part of the room was a trapdoor by which access was had to the basement. When beer was brought to the premises for delivery it was necessary for defendant's servant in charge of the work to go through this trapdoor to the basement, there unfasten and open an outer door, through which the beer would be taken into the building. When a particular delivery was completed the servant would retrace his steps, returning through the trapdoor to the bar-room, and thence on in pursuit of his employment elsewhere. The passageway in which the trapdoor was so located was used in going to and from a toilet in the rear of the room, and also in waiting upon rear-door beer customers. There were no guards or barriers around the trapdoor and by reason of the dimly lighted passageway it was when open a source of danger to those going to or from the rear of the building. Such was the situation and condition at the time in question, and, as we understand

the matter, the condition that had existed during all the time of plaintiff's occupancy of the premises.

At the time Mrs. Kelly was injured a delivery of beer was being made by defendant and the usual course was pursued by its servant. He left the trapdoor open, as he entered the basement, and when going down the passageway to the rear door, either when starting for her home or to wait on a back door customer, Mrs. Kelly fell into the open door and was injured. She was not aware at the time that a delivery of beer was being made, and did not know that the trapdoor was open. The same servant of defendant had frequently on previous occasions left the trapdoor open, and as frequently had been reminded of the danger in doing so by Mrs. Kelly as well as by her chief bartender. His conduct in so leaving the door open on this occasion is charged as negligence for which defendant is responsible, and is the foundation of both actions.

Defendant interposed in defense a failure on the part of Mrs. Kelly to cause to be erected and maintained around the trapdoor guards or barriers as required by section 3873, G. S. 1913, alleging that her failure to do so was the sole and proximate cause of her injury.

The trial court sustained the defense, thereby holding that the statute applied to the premises, and that since plaintiff had not complied therewith she could not recover. Verdicts for defendant were accordingly directed. The assignments of error challenge the ruling of the court in that respect and thereby is presented the principal question on the appeal.

The statute referred to provides that "every hoistway, hatchway, elevator well * * * in any factory, mill, workshop, storehouse, wareroom or store shall be securely protected by a substantial barrier at least three feet and six inches high, which shall be kept closed except when necessarily opened for use."

The purpose of this statute was the protection of employees from injury while engaged at work in the buildings mentioned therein. Schutt v. Adair, 99 Minn. 7, 108 N. W. 811. It applies to the building involved in the case at bar, unless the fact that a saloon was conducted therein renders it inapplicable, for it is clear that the trapdoor is a "hatchway" within the meaning of the statutes (2 Century Dic. [Rev. ed.] 2735), and there were employees upon the premises for whose pro-

tection guards around the same should have been maintained. While the word "hatchway" may perhaps have special reference to an opening in the deck of a steamboat, the legislature by using it in connection with buildings of the character referred to in the statute, intended to include any unguarded opening in the floor thereof, by which access is had from one floor to another. We so construe the statute. Plaintiff's place of business is what is commonly known and referred to as a saloon, a place where liquors are kept for sale to the retail trade. The fact that the business is so named does not necessarily exclude the building wherein it is carried on from the operation of the statute where there are present on the premises hoistways, elevator wells, or trapdoors or hatchways, which the legislature intended should be guarded for the benefit and protection of employees. A saloon building so equipped, with employees therein who are entitled to the protection of the statute, properly may be construed a "store" within the meaning and intent of the law. Authorities are not wanting to support that view. It has been held that the term "store" includes any building used for the sale of goods of any kind. Saloman v. Pioneer Co-operative Co. 21 Fla. 374, 58 Am. Rep. 667; Richards v. Washington F. & M. Ins. Co. 60 Mich. 420, 27 N. W. 586 (bakery and restaurant); Petty v. State, 58 Ark. 1, 22 S. W. 654 (butcher shop); Pitts v. Vicksburg, 72 Miss. 181, 16 South. 418 (junk shop); Com. v. Whalen, 131 Mass. 419 (saloon); 7 Words & Phrases, 6672. Though none of the cases cited involved a statute like that under consideration, we think them applicable and to fully support the construction here given our statute.

From this it follows that the trial court was right in directing a verdict for defendant. The failure of Mrs. Kelly to comply with the statute must be held as a matter of law the proximate cause of her injury. Welker v. Anheuser-Busch Brewing Co. 103 Minn. 189, 114 N. W. 765. And since she cannot recover, the action of her husband, founded on the same ground of negligence, must also fail.

Some suggestions on the argument that the husband was not bound by the allegations of the wife's complaint to the effect that she owned the business do not require special mention. The husband rested his case on the evidence produced by the wife, and made no effort to offer additional evidence in support of his independent right to recover.

We have considered all assignments not embraced within what has already been said and discover no error requiring a new trial.

Orders affirmed.