## JOSEPH KUNDA, BY HIS FATHER, CARL KUNDA v. BRIARCOMBE FARM COMPANY.[1]

### June 3, 1921.

### No. 22,260.

**Master and servant — proximate cause of injury to minor employe.**
    A master delivered to his servant, a minor under the age of 13 years, a shot gun and ordered and directed him to go out and therewith shoot

[1]Reported in 183 N. W. 134.

and scare the birds from the master's corn fields, thus to save the crop from destruction. The servant complied with the order, and while in the performance thereof the gun, in some accidental way, was discharged, seriously injuring the servant's foot. In an action by the servant for the injury it is *held:*

(1) That the question of the proximate cause of the injury, if not one of law arising from the facts stated, was one of fact for the jury.

(2) If the act of the master was the proximate cause of the injury, the fact that, in accepting the gun and taking it into his possession for the purpose stated, the servant technically violated the provisions of G. S. 1913, § 8804, will not defeat his right of action for the wrong of the master. Welker v. Anheuser Busch Brewing Assn. 103 Minn. 189, and similar cases distinguished.

(3) The technical violation of the statute by the servant was a mere incident and not the moving cause leading to the injury.

Action in the district court for Winona county by the father of Carl Kunda to recover $18,000 for injuries to his minor son. The case was tried before Callaghan, J., who at the close of the testimony denied defendant's motion for a directed verdict, and directed a verdict in favor of plaintiff, leaving to the jury the question of damages only, which returned a verdict for $5,000. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, provided plaintiff consented to a reduction of the verdict to $3,500, defendant appealed. Affirmed.

*Brown, Abbott & Somsen,* for appellant.

*Barton & Kinkead,* for respondent.

BROWN, C. J.

Defendant, a Minnesota corporation, owns and, through a general manager, operates a large farm in Winona county. Plaintiff, Joseph Kunda, at the time involved in the action was under 13 years of age by a few days. He was employed by defendant to work on the farm, and to do and perform such work and chores as boys of his age usually do in such employment. He had been so employed for short periods during the preceding year or two. With the implied approval and delight of the neighborhood blackbirds, defendant raises large fields of corn annually, to which the birds pay due attention and flock in large num-

bers at to them the appropriate corn season.     They were very de-
structive and it became necessary by some method to drive them away.
To accomplish this defendant's manager adopted the practice of fright-
ening them off by means of the shotgun.   Platforms about 14 feet high
were constructed at different points in the field, upon which some
employe would go with a gun and shoot into or at the flocks of birds,
thus frightening them off, at least for the time being keeping them in
motion, interrupting their work in destruction of the corn.   On August
6, 1919, plaintiff was given by defendant's manager a single barrel shot
gun, with ammunition in the form of shells, and directed to go to the
corn field, and upon the platforms therein and shoot the birds and scare
them away.   In climbing one of the platforms the gun in some acciden-
tal way was discharged, inflicting a serious injury to one of his feet,
from which he is still suffering.

This action was thereafter brought in his behalf to recover damages
for the injury, charging in the complaint by suitable allegations that,
by reason of the youth of plaintiff, it was an act of negligence on the
part of defendant in requiring him to perform the particular service.
Defendant by answer put in issue the charge of negligence, and affirma-
tively alleged that plaintiff was in possession of the gun in violation of
law, and negligently and carelessly caused it to be discharged, and was
thus injured and not otherwise.

At the conclusion of the trial defendant requested an instructed ver-
dict in its favor, on the ground that plaintiff, at the time of his injury,
was acting in violation of the provisions of G. S. 1913, § 8804, and
that such violation was the sole and proximate cause of his injury, thus
precluding his right of action against defendant.   The request was re-
fused; the court instructed the jury that, on the facts presented, plain-
tiff was entitled to recover, and submitted to them the question of dam-
ages only.   The jury returned a verdict for plaintiff accordingly, and
defendant appealed from an order denying its motion for judgment or a
new trial.

The statute claimed to have been violated by plaintiff (section 8804
supra), provides that:   "No minor under the age of fourteen years
shall handle, or have in his possession or under his control, except while
accompanied by or under the immediate charge of his parent or

guardian, any firearm of any kind for hunting or target practice or any other purpose. Every person violating any of the foregoing provisions, or aiding or knowingly permitting any such minor to violate the same, shall be guilty of a misdemeanor."

In this court defendant presents no claim that a new trial should have been granted by the trial court, either for errors committed on the trial, or for the insufficiency of the evidence to support plaintiff's cause of action, if his right to recover at all be conceded. Its sole contention is that plaintiff was in violation of the statute in going out with the gun to shoot the birds, and since, in proving his case against defendant, he necessarily must disclose his own culpability in the transaction, under the rule of such cases as Welker v. Anheuser-Busch Brewing Assn. 103 Minn. 189, 114 N. W. 745, and Kelly v. Theo. Hamm Brewing Co. 140 Minn. 371, 168 N. W. 131, he cannot recover.

In our view of the facts, which are not in dispute, defendant's claim of immunity from legal responsibility is not well founded. The case is controlled in this respect by the rule of proximate cause, and the Welker and Kelly cases, supra, are not in point. Plaintiff was the servant of defendant, youthful and not of mature judgment or discretion, and subject in his employment to the orders and directions of defendant, his master. His possession of the gun was not his voluntary act, nor for purposes of his own, but in compliance with directions of defendant and in furtherance of his interests. But for the act of defendant in delivering the gun to him, he would not have had possession thereof at all, and that act of defendant, coupled with directions to go forth and shoot the birds, was not only a violation by defendant of the statute quoted, but an act which, on the evidence here presented, probably would have justified the jury in finding negligence independent of the statute. Clark v. Goche, 148 Minn. 360, 182 N. W. 436. At any rate it was the original act leading, without interruption by any other independent cause, to the accident and injury and therefore the proximate cause thereof. 22 R. C. L. 117. If this conclusion does not follow as a matter of law from the facts of the case (Anderson v. Settergren, 100 Minn. 294, 111 N. W. 279), the question of proximate cause was at least one for the jury. 2 Dunnell, Minn. Dig. § 6976. And, though plaintiff was in technical violation of the statute in accepting the gun from defendant, that act on his

149 M.—14.

part was a mere incident in the transaction, and not necessarily the initiatory cause of the result which followed. The principle applied in Armstead v. Lounsberry, 129 Minn. 34, 151 N. W. 542, L.R.A. 1915D, 628, is pertinent.

Order affirmed.