ROLLIE L. CORN v. SAMUEL T. SHEPPARD.[1]

March 14, 1930.

No. 27,695.

[1]Reported in 229 N. W. 869.

C. O. *Dailey* and W. E. *Hottinger*, for appellant.

H. L. & J. W. *Schmitt*, for respondent.

TAYLOR, C.

Plaintiff suing in behalf of his minor son, Donald Corn, recovered a verdict of $7,000 for injuries to Donald caused by a bullet from a revolver discharged by defendant. Defendant appealed from an order denying a new trial.

Defendant owned and resided upon a farm of some 30 acres just outside the city of Mankato and conducted a restaurant in the city. On August 13, 1928, the scoutmaster of a troup of boy scouts asked him if some of the boys could camp on his land, and he answered that they could do so at any time. On the afternoon of the next day two of the boys, Donald Corn, 15 years old, and Adolph Popkin, 12 years old, took their camping outfit to the place and pitched their tent in an open space at the opposite side of the field from the house. They cooked and ate their supper, sat by the fire for a time, and then went to bed in the tent. The night was hot, mosquitoes were bad, and they were unable to sleep. They became thirsty and after a time got up and started for the pump at the house to get some water. The night was cloudy and dark. On the way they

saw an automobile light shining on the barn but it disappeared. When they reached the farmyard and passed around an outhouse and some machinery they saw a man standing in front of the garage some 20 feet away. As they turned to speak to him he shot. The bullet passed through Donald's arm and then through his abdomen. At the shot Adolph, the small boy, ran. Donald called out that he was shot and went to the house. Defendant was the man in front of the garage who fired the shot. On finding that he had shot Donald he took him to the hospital in his automobile. An operation was performed that night. The small intestine had been perforated in seven or eight places, and about 30 inches of it was removed on account of these perforations.

The court charged the jury that defendant's act in firing the shot was unlawful; that he was liable for the injury caused; and that they must find a verdict for the plaintiff in some amount. As the court instructed the jury that defendant was liable as a matter of law we must take his version of what took place as true. His statement in brief is this: He had frequently been annoyed by dogs straying about the place and howling at night. His hogs had been chased and worried by dogs. On this night he and his wife, accompanied by another woman and one of his boys, left the restaurant in his automobile and arrived home about 11:30. As he turned from the road into his yard the lights of the auto shone on the garage and he saw two dogs in the garage licking the sides of garbage cans from which the garbage had previously been removed. He drove up to the house where all alighted. After carrying some articles brought from the restaurant into the house, he took his revolver, a Colt automatic, from a cupboard, placed it on the seat of the auto and drove to the garage. As he approached the dogs ran out. He drove into the garage and then took the revolver and went outside. He saw a dog run and jump and shot at him. He hit Donald. He says that in the darkness he had not seen the boys and did not know they were there.

Dogs are personal property. G. S. 1923 (2 Mason, 1927) § 10366. It is unlawful to kill them except when necessary to save persons, domestic animals, or poultry from injury. This question received

extended consideration in Oldenburg v. Petersdorff, 160 Minn. 402, 200 N. W. 446; and O'Leary v. Wangensteen, 175 Minn. 368, 221 N. W. 430. There is no claim that the dog in question was menacing anyone or any animal or had ever done so. The attempt to shoot him was unlawful.

Firearms are recognized as such dangerous instrumentalities that where a person has a gun in his hands and it is discharged, even accidentally and unintentionally, he is held liable for the injuries caused thereby, unless he shows that he took all reasonable precautions to guard against accidents and that the discharge of the weapon did not result from any careless act on his part. Castle v. Duryee, 2 Keyes (N. Y.) 169; Hankins v. Watkins, 77 Hun, 360, 28 N. Y. S. 867; Tally v. Ayres, 3 Sneed (35 Tenn.) 677; Morgan v. Cox, 22 Mo. 373, 66 Am. D. 623; Judd v. Ballard, 66 Vt. 668, 30 A. 96; Welch v. Durand, 36 Conn. 182, 4 Am. R. 55; Seltzer v. Saxton, 71 Ill. App. 229; Harrison v. Allen, 179 Ill. App. 520; Cole v. Fisher, 11 Mass. 137; Annear v. Swartz, 46 Okl. 98, 148 P. 706, L. R. A. 1915E, 267; Harper v. Holcomb, 146 Wis. 183, 130 N. W. 1128; Bahel v. Manning, 112 Mich. 24, 70 N. W. 327, 36 L. R. A. 523, 67 A. S. R. 381.

The rule is stated in 12 Am. & Eng. Enc. (2 ed.) 519, as follows:

"When an injury occurs from the discharge of a gun or other firearm, he by whom it was discharged, in order to excuse himself from liability for the injury, must show that the discharge was absolutely without his fault, and that it happened by inevitable accident."

See also 40 Cyc. 872; and 11 R. C. L. 689. The rule of the early cases that the burden was on the defendant to show that the accident was unavoidable and inevitable has been relaxed somewhat in the later cases.

Where a person intentionally discharges a firearm for a wrongful purpose and another is hit, he is liable for the injuries inflicted although he did not intend to hit the other nor even know that any person was within range. Williams v. Townsend, 15 Kan. 563; Murphy v. Wilson, 44 Mo. 313, 322, 100 Am. D. 290; Horton v.

Wylie, 115 Wis. 505, 92 N. W. 245, 95 A. S. R. 953; White v. Levarn, 93 Vt. 218, 108 A. 564, 11 A. L. R. 1219. Seltzer v. Saxton, 71 Ill. App. 229; Benson v. Ross, 143 Mich. 452, 106 N. W. 1120, 114 A. S. R. 675; Carmichael v. Dolen, 25 Neb. 335, 41 N. W. 178. This court applies the same principle. Anderson v. Settergren, 100 Minn. 294, 111 N. W. 279; Kunda v. Briarcombe Farm Co. 149 Minn. 206, 183 N. W. 134; State v. Lehman, 131 Minn. 427, 155 N. W. 399, Ann. Cas. 1917D, 615. Taking as true everything that defendant claims, he is clearly liable for the injury and the court correctly so charged.

Numerous rulings admitting or excluding evidence are assigned as error. There is no need to discuss them in detail. As defendant's own version of the affair shows that he is liable for the injury as a matter of law, such rulings, except those having a bearing upon the amount of damages, have become immaterial. There was abundant evidence to show that after Donald left the hospital down to the time of the trial he had a stoppage of the bowels at intervals accompanied by severe griping pains which caused nausea and vomiting, and that these were likely to continue indefinitely. The physician who performed the operation on Donald, but who had been absent and had no personal knowledge of the griping pains Donald had suffered after leaving the hospital, was called before the testimony concerning such pains had been given. He testified in detail concerning the wound and the operation, and then was permitted to testify that in consequence of the injury and the operation adhesions were liable to form and constrict the intestine and that this would interfere with the action of the bowel and cause pain. This is the only evidence challenged which has a bearing upon the amount of the damages. It was admitted with the understanding that it would be followed by the testimony above mentioned. While some of the questions may have been technically objectionable in form we think the testimony elicited was proper and correctly admitted.

Defendant complains of the instruction which permitted the jury to award exemplary damages. The court told the jury that they could allow exemplary damages if they found that the assault "was committed recklessly, wantonly and maliciously." Exemplary dam-

ages may be allowed in such cases, and the instruction was sufficiently favorable to defendant.

Defendant urges that the verdict is excessive. It has been approved by the trial court, and in view of all the circumstances we cannot say that it is within the rule which permits this court to interfere.

Order affirmed.

