## WALTER CLARINE v. HARRY H. ADDISON, SR. AND ANOTHER.[1]

January 9, 1931.

No. 28,293.

*Murphy, Johanson & Nelson* and *Charles L. DeReu,* for appellant.
*A. R. English, C. J. Donnelly,* and *Hall & Catlin,* for respondent.

[1]Reported in 234 N. W. 295.

STONE, J.

Plaintiff sues in behalf of his minor son, William Clarine, for personal injuries suffered when he was accidentally shot September 20, 1929, by a pistol in the hands of defendant Harry Addison, Jr. The latter's father, Harry H. Addison, Sr. was joined as defendant, but as to him there was a dismissal at the close of plaintiff's case. The trial proceeded to a verdict for plaintiff and against defendant Addison, Jr. Plaintiff appeals from the order denying his motion for new trial as against the senior Addison.

There may be some question about it, but we assume that the weapon, a 22-caliber target affair, was furnished to Addison, Jr. by respondent, his father. The boy was 19 years old when he came into possession of the weapon and had passed 20 when it became accidentally the instrument of plaintiff's injury.

■ In the absence of his participation in the fault, a father is not liable for the tort of his child. It is argued that Addison, Sr. aided his son in violating the statute against the possession of dangerous weapons with intent "to use against another." (G. S. 1923 [2 Mason, 1927] § 10255.) The concealment or furtive carrying on the person of such a weapon is made presumptive evidence of the criminal intent. There is no ground for that argument in this case for the simple reason that there is in the evidence not even a remote suggestion of an intention on the part of Addison, Jr. to use the weapon against another or that at the time of the accident or at any other the weapon was "concealed or furtively carried" on his person.

■ The record does not show whether Addison, Jr. was experienced or inexperienced, careful or careless, with firearms. There is nothing to indicate that the son, come almost to man's estate, was an unsafe donee of the target weapon in question. In an age when the legislative and executive branches of government permit the unrestricted possession not only of small arms but also of machine guns, the judiciary cannot hold a father for negligence simply because he has furnished his 19-year old son, a normal young man, with some means of becoming familiar with firearms and proficient

in their use. There is no authority for holding a parent liable in the absence of proof that, because of extreme youth, mental deficiency, recklessness, or other dangerous tendencies of which the parent was chargeable with knowledge, it was unsafe to intrust the child with possession of a firearm. In the absence of such evidence it cannot be said that the parent might or should have reasonably anticipated that as a consequence of the possession or use of ·the weapon by the child another would be injured. Under that rule liability was denied in Palm v. Ivorson, 117 Ill. App. 535 (boy 12 years old) ; Turner v. Snider, 16 Man. L. Rep. 79 (son 14 years old and experienced in the use of a gun) ; Wood v. O'Neil, 90 Conn. 497, 97 A. 753 (boy 15 years old with limited experience) ; Herndobler v. Rippen, 75 Or. 22, 146 P. 140 (boy aged 16). The elements of negligence, absent from this case, were present in Johnson v. Glidden, 11 S. D. 237, 76 N. W. 933, 74 A. S. R. 795, and Sousa v. Irome, 219 Mass. 273, 106 N. E. 998. In Kunda v. Briarcombe Farm Co. 149 Minn. 206, 183 N. W. 134, liability arose because of defendant's violation of our statute (G. S. 1923 [2 Mason, 1927] § 10291) penalizing the unsupervised possession or use of firearms by minors under 14. The strict rule of absolute liability for injuries caused by firearms, applied in Corn v. Sheppard, 179 Minn. 490, 229 N. W. 869, reaches only the person immediately responsible for the hurtful discharge.

Order affirmed.