## ROBERT F. BUTLER v. MARVIN M. WHITMAN.[1]

December 28, 1934.

No. 30,087.

[1]Reported in 258 N. W. 165.

*L. B. Schwartz,* for appellant.
*A. E. Bryngelson,* for respondent.

HILTON, JUSTICE.

In this action to recover damages for assault and battery plaintiff had a verdict for $2,160. Defendant appeals from the order of the trial court denying his motion for new trial. The assignments of error are that the verdict was not justified by the evidence; that the court erred in its instructions to the jury; and that the verdict was excessive and the result of passion and prejudice.

In the early morning of January 1, 1932 (New Year's Eve) plaintiff, together with some other young men, was in a cafe in Minneapolis. As plaintiff was walking in an aisle between booths toward the back of the cafe, he and defendant, who was walking in the opposite direction, collided. A fight ensued in which plaintiff was injured. In addition to a fracture of the cartilaginous portion of the septum in the nose, he received temporary injuries to his eyes, lips, teeth, and the back of his head. Plaintiff claims the fight was started without provocation by the defendant. Defendant asserts just the opposite, his claim being that plaintiff stepped on his foot and struck out at him two or three times; that defendant then struck back in self-defense.

Under the evidence the jury could have believed that the plaintiff did not start the fight nor strike a blow at any time. If, however, it believed plaintiff did start the trouble, it could have determined that defendant did far more than was reasonably necessary for self-defense. It matters not which of the two views the jury took, for under either its conclusion cannot be disturbed on the ground of insufficiency of the evidence.

The assignments of error concerning the court's charge are directed to portions thereof relative to defendant's claim of self-defense; to its instruction that punitive damages might properly be awarded if the jury believed defendant guilty of an unjustified assault and battery, committed wilfully or maliciously; and to an

152

instruction that although plaintiff's nose injury might be remedied by an operation he need not submit to an operation, in which case the jury should determine the fair and reasonable compensation for damages extending into the future.

We have carefully examined the court's charge. It was a comprehensive one and properly covered all points involved. The court inquired whether counsel thought he had inadvertently stated or omitted anything. No suggestions were made in that regard. Taken as a whole, it appears that the charge was a fair and correct one; nothing prejudicial appears therein. The charge cannot be successfully criticized because of the use of the word "substantial" and the word "serious" in referring to the damage that defendant (in order to justify his striking plaintiff) might reasonably anticipate to follow the first blow claimed to have been struck by plaintiff. The language in the charge immediately following the use of the quoted words correctly stated the law.

The charge of the court as to punitive damages was a proper one. The jury could well believe under the evidence that the defendant committed an unprovoked, malicious assault upon plaintiff, striking him several hard blows in the face and knocking him to the floor, when defendant was restrained from further acts of violence. In such situation punitive damages may properly be awarded. Corn v. Sheppard, 179 Minn. 490, 229 N. W. 869; 1 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 532.

■ The verdict is claimed to be excessive. In addition to the nose injury, which necessitated frequent treatment and left it in a misshapen condition, plaintiff has suffered from chronic sore throat ever since the assault, and also a sinus trouble later developed. Defendant contends that because the nose condition could be substantially improved by an operation at a cost of about $75 the amount of the verdict is too large. Although an injured person is required to exercise reasonable precaution to mitigate damages, he is not bound to submit to an operation. He may choose to bear the affliction and is entitled to damages therefor. Gibbs v. Almstrom, 145 Minn. 35, 176 N. W. 173, 11 A. L. R. 227, and cases cited. The trial court did not think the verdict was excessive. It cer-

tainly was not if punitive damages were included therein, as plainly they were.

Affirmed.