(Decided 20th June, 1883.)

## THE COUNTY COMMISSIONERS OF HARFORD COUNTY *vs.* SARAH E. HAMILTON.

*Right of Mother to the Services of her Minor son—Injuries to Minor son while riding on Public road—Measure of damages—Care and caution required of a Traveller on a Public road.*

A mother sued the County Commissioners of Harford County to recover for injury done to her minor son, alleged to have been caused by the negligence of the defendants in not keeping a public road in repair, over which the son was riding at the time he was injured. The father had died before the injury occurred. HELD:

1st. That the mother, the father being dead, was entitled to recover for the services of her minor son, provided he was, at the time of the injury, actually living with and supported by her.

County Commissioners of Harford County *vs.* Hamilton.

2nd. That if the son were thus living with and supported by his mother, she was clearly entitled to recover for the care and labor of nursing him, and the expense and cost of medicines and medical attendance to which she was subjected on account of his injury, and which she procured for him.

3rd. That the plaintiff was not entitled to recover for the pain and suffering of her son, nor for her own anxiety and suffering on his account.

The care and caution required of one travelling on a public road is simply such as persons of common prudence ordinarily exercise.

APPEAL from the Circuit Court for Harford County.

The case is stated in the opinion of the Court.

*Exception.*—The evidence being closed on both sides, the plaintiff offered the three following prayers:

1. If the jury find from the evidence, that the road mentioned in the declaration was a public road of Harford County, and was in bad condition, and not mended and repaired, and that in consequence of such condition of the road, the plaintiff's son, named in the declaration, was injured whilst travelling with proper care and caution on said road, and that at the time of said injury, he was, and still is, a minor, under the age of twenty-one years, and at the time of the injury, lived with plaintiff, and was supported by her, and has ever since so lived with and been supported by her, and that his father had died before said injury was sustained, then the plaintiff is entitled to recover in this action.

2. That the care and caution required of one travelling on a public road, is simply such as persons of common prudence ordinarily exercise.

3. That if the jury find for the plaintiff, then they should find for her such an amount of damages as will fully compensate her for the loss, that from the evidence she shall appear to have sustained, by the loss of the services

of her son, from the date of the injury to the period when the disability resulting from such injury would reasonably, according to the evidence, appear to cease, not exceeding the period of his minority; also for the care and labor of nursing him, made necessary by such injury, which the jury shall find she sustained; also for the expenses and cost of medicines and medical attendance, to which the plaintiff was subjected on account of such injury to her son, and procured for him by plaintiff.

The defendants offered the following prayers:

1. That the plaintiff is not entitled to recover in this case, unless the jury find from the evidence that her son was injured by reason of negligence of the County Commissioners in the performance of their official duties, or by their neglect to perform them with reasonable care and diligence.

2. That even if the jury should find that plaintiff's son was injured by reason of negligence on the part of the County Commissioners, she is not entitled to recover in this action, for loss of her son's services, unless they find that at the time he was hurt, he was in her employment, and then, only for the loss of his services, during the time he was employed by her.

3. That the plaintiff is not entitled to recover in this action for his pain and suffering, nor for her own anxiety or suffering on his account.

4. That if the jury find from the evidence, that the plaintiff is the mother of George H. Hamilton, who at the time of the alleged injury, was about seventeen years of age; that his father was then dead, and that he was then in the employment of his elder brother, James Hamilton, living and working as a farm hand, on the farm leased by his brother from Lindly M. Vail, where he continued to reside during the lease offered in evidence, that then the plaintiff is not entitled to recover for the alleged loss of her said son's services, by reason of his alleged inability to work.

5. That if the jury find the facts stated in the defendant's last prayer, then the plaintiff is not entitled to recover in this action for the board of her said son, or for her services in nursing and attending to him after he was hurt, or for the bills of the physicians who attended him.

6. That the duty imposed by law upon the County Commissioners, does not require them to make and keep the public roads in perfect condition and repair, but only that they shall use reasonable care and diligence in the exercise of the powers vested in them in regard to the public roads; and in determining whether in this case the Commissioners have been guilty of want of reasonable care and diligence, it is proper for the jury to take into consideration all the surrounding circumstances in evidence before them.

7. That the County Commissioners cannot be held responsible for the action of the elements; and if the jury find that by reason of a storm or freshet, or other natural cause, the public road where plaintiff's son was hurt, was rendered unsafe for travel, whereby he was injured, the County Commissioners are not liable for such injury, unless the jury find that they neglected to have it repaired in a reasonable time.

8. That if the jury find from the evidence that the public road where plaintiff's son is alleged to have been injured, was then in such good repair, as to be reasonably safe for persons travelling thereon with ordinary care, then the plaintiff is not entitled to recover.

The Court, (GRASON, C. J., and WATTERS, J.,) granted the prayers of the plaintiff and the third and eighth of the defendants; but rejected the defendants' other prayers. The defendants excepted, and the verdict and judgment being against them, they appealed.

The cause was argued before MILLER, YELLOTT, ROBINSON, and IRVING, J.

County Commissioners of Harford County *vs.* Hamilton.

*Henry W. Archer*, for the appellants.

*William Young*, for the appellee.

MILLER, J., delivered the opinion of the Court.

This suit was brought by the mother of a minor child whose father had died before the injury complained of. The declaration charges that the defendants were bound to keep the public roads of the county in repair, that one of said roads was negligently suffered by them to be out of repair, whereby George H. Hamilton, the minor son of the plaintiff, in travelling over the same with due care, was hurt and injured, that the father of said George is dead and the plaintiff, his mother, was and is entitled to his services, and by reason of said negligence of the defendants, and the hurt and injury to her son occasioned thereby, she was deprived of his services, and suffered great loss in being so deprived thereof, and was put to great expense, cost and trouble in watching, nursing and waiting on him, and in medical attendance, which she had to procure and pay for, and which was rendered necessary by the hurt and injury aforesaid. The defendants pleaded *non cul.* and the case was tried on issue joined on this plea.

At the trial the plaintiff proved she was the mother of George H. Hamilton named in the declaration, and that his father died in the year 1878. She also offered evidence to prove that the road mentioned in the declaration, was one of the public roads of Harford County, and at the time of the alleged injury was out of repair and unsafe for public travel; that her son was then seventeen years of age, able to do the work of a man, was a good farm hand, and was living with and working for her; that on the night of the 6th of August, 1880, while riding over the road referred to, on a gentle and sure-footed horse, he was, by reason of the bad condition of the road and with-

out any negligence on his part, thrown from his horse and severely injured, from the effects of which he was confined to his bed for eight or nine months, requiring constant nursing, care and attention, and medicine and medical attendance, all of which were furnished by the plaintiff, and that during all that time, and ever since, he has been unable to do any work.

The defendants then offered evidence to prove that at the time of the injury the road was in good condition and repair; that there was no unsafe or dangerous place in it at or near where the accident happened, and that it was then and there in safe condition for public travel. They also offered evidence to prove that at the time of the alleged injury the son was not in the service or employment of his mother, but was working as a farm hand with his brother, on a farm the latter had leased from one Vail, and was earning his own support.

This was all the evidence, so far as the record shows, offered on either side. Several prayers were then offered on both sides, and to the rulings of the Court upon these, the single exception in the case was taken. The appellants' counsel have mainly relied upon two objections to these rulings:

1st. They insist that a mother is not, by law, bound to support her minor son after the death of his father, nor is she entitled to his services, and hence there was error in allowing a recovery for such services under the plaintiff's first and third prayers which were granted. In the case of *Keller vs. Donnelly,* 5 *Md.*, 217, which was an action by a mother for the seduction of her minor daughter, *per quod servitium amisit*, the Court say: "The policy of the legislation of this State in regard to females is, that until they are eighteen years of age they are to be considered minors, and where the mother is left the natural guardian she is entitled to her services, unless under the law the girl be apprenticed to serve at some trade or em-

ployment until she arrive at age. The Act of 1834, ch. 228, expressly recognizes the mother as the natural guardian of her children, making no distinction between males and females." And in *Coughlan's Case*, 24 *Md.*, 107, which was an action under the statute, in the name of the State for the use of a mother, against a railroad company for the killing of her infant son, it is expressly stated, that "the law entitles the mother to the services of her child during his minority, the father being dead." But assuming these expressions are *obiter dicta* and not adjudications of this question, still the appellants' counsel concede, as they must, that the mother may recover for his services, provided the son was, at the time of the injury, actually living with, supported by, and working for her, and was not living with and working for his brother, and gaining his own support. Now the plaintiff's first prayer, as we understand it, allows a recovery for his services only upon the finding by the jury that he was so living with and supported by his mother. It states that the plaintiff is entitled to recover if the jury find, among other facts, that the son, "at the time of the injury lived with the plaintiff, and was supported by her, and has ever since so lived with and been supported by her." Under this instruction the jury could not have found for the plaintiff unless they believed these facts to have been proved, and believing them, and so finding, they must have believed the testimony on that subject offered by the plaintiff, and not that offered by the defendants. Upon their own theory of the law, therefore, we do not see that the defendants have suffered any injury by the rejection of their second and fourth prayers, inasmuch as the jury were bound to find the facts stated in the plaintiff's first prayer in order to render a verdict in her favor. Again, upon the assumption that they found, as they must have found, that the son was thus living with and supported by his mother, she was clearly entitled to recover for the care and labor of

nursing him, and the expense and cost of medicines and medical attendance to which she was subjected on account of his injury, and which she procured for him.    We therefore find no error in the rejection of the defendants' fifth prayer, or in the measure of damages stated in the plaintiff's third prayer.    By the granting of the defendants' third prayer, the jury were instructed the plaintiff was not entitled to recover for the pain and suffering of her son, nor for her own anxiety and suffering on his account.

2nd.  Objection is also taken to the plaintiff's first prayer because it does not leave to the jury to find that the defendants were guilty of any negligence, but allows a recovery simply on the ground that the road was in bad condition, without regard to how or when it became so, or the efforts that had been made to repair it.    The argument in support of this position is in effect, that the bad condition of the road was evidence upon which the jury might find the negligence alleged in the declaration, but it was only evidence, and *non constat* there was negligence because the road was, *at that particular time,* in bad condition; that the duty of the defendants does not require them to keep the roads in good condition at all times and under all circumstances, but to have them repaired as soon as practicable after such repairs are found necessary.    And to illustrate this view of the law they offered several prayers, as, for instance, that they would not be held responsible for the action of the elements, and if the jury find that by reason of a storm or freshet, or other natural cause, the road in question was rendered unsafe for travel, the defendants would not be liable for the injury unless the jury found that they neglected to have it repaired in a reasonable time.

The plaintiff's first prayer, however, is in this respect identical with the one approved by this Court in *Gibson's Case*, 36 *Md.*, 230, 237; and moreover, there is no evidence in the record of any circumstance whatever that would

exonerate them from liability, even if the appellants' view of the law, as well as of their duty, were correct. They set up no such defence at the trial, but simply offered evidence to prove that the road, at the time of the injury, *was in good condition and safe for public travel.* As the case stands upon the record, no other instructions upon this subject were needed than those in the plaintiff's first and the defendants' eighth prayer, which was granted, and there was clearly no error in rejecting their first, sixth, and seventh prayers. The plaintiff's second prayer (which was also granted), that the care and caution required of one travelling on a public road is simply such as persons of common prudence ordinarily exercise, announces a plain legal proposition, and no objection was made to it in argument.

*Judgment affirmed.*

(Decided 20th June, 1883.)

