Seltzer v. Saxton.

---

## John D. Seltzer v. William A. Saxton.

1. NEGLIGENCE—*Accidentally Discharging a Pistol.*—In an action on the case it was shown that a child, some six years of age, was playing in front of defendant's place of business, and causing some annoyance by climbing on the bars in front of the window and making childish noises, when, to frighten him, the defendant flourished a pistol, pointing it in his direction and accidentally discharged it, the bullet entering the child's face just below the right eye. *Held*, that the act was grossly negligent, and that the fact that there was no intention to do an injury was no defense.

2. MEASURE OF DAMAGE—*In Suit by a Father Based on an Injury to His Child.*—In a suit by a father for damages resulting from injuries to his child, the plaintiff, if he makes out his case, is entitled to recover a reasonable sum for actual loss sustained, and to be sustained, by reason of defendant's act, to be made up of the expense and trouble of caring for the child, and the deprivation of his services during minority. There is, of course, no fixed measure of damages in such a case, the allowance resting in the sound discretion of the jury, and in this case, the court thinks that discretion was not abused.

3. EVIDENCE—*Exhibition of Articles Connected with an Injury.*—In an action on the case by a father to recover damages resulting from an injury to his child, caused by the discharge of a pistol, a physician who operated on the child was permitted to exhibit to the jury an eye, which was removed as a result of the injury, the bullet inflicting the injury, and a piece of bone which was detached in extracting the bullet. *Held*, that there was no impropriety in permitting the jury to see these physical evidences of the injury, and that it is not to be presumed that such exhibition prevented them from reaching a reasonable and dispassionate conclusion.

4. AGENCY—*Not Shown in this Case.*—Evidence of an agreement on

behalf of plaintiff not to prosecute this suit in consideration of the settlement of another suit, was properly rejected for the reason that the plaintiff could not be prejudiced by such an agreement unless made by authority from him, which was not involved in the offered proof.

5. INSTRUCTIONS—*Faults in, May be Cured by Other Instructions.*— Although an instruction is indefinite, and therefore faulty, if it is accompanied by another instruction which distinctly states the principle involved, the fault will be cured, and error can not be assigned on account thereof.

6. SAME—*Should Relate to Matters in Evidence.*—Instructions should relate to matters in evidence, and while a proposition involved in a proposed instruction is correct abstractly, yet unless there be some occasion for it under the evidence it may properly be refused.

7. SAME—*Proposed Instruction Held Properly Refused.*—A declaration contained seven counts in which the case was variously stated, and instructions were given in which the jury were told specifically what the plaintiff was required to prove in order to make out a case. *Held*, that an instruction that plaintiff must prove every material allegation in his declaration, was properly refused as tending to confuse and mislead.

**Trespass on the Case**, by a father for damage resulting from an injury to his son. Appeal from the Circuit Court of Douglas County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the November term, 1896. Affirmed. Opinion filed June 16, 1897.

JOHN J. REA and THOMAS W. ROBERTS, attorneys for appellant.

As we understand the law governing cases of this character, the rule is: "That a person is not liable for an unintentional injury resulting from a lawful act, where neither negligence nor folly is imputable to him who does the act. And the burden of proving the negligence or folly, where the act is lawful, is upon the plaintiff. Paxton v. Boyer, 67 Ill. 132; Morris v. Platt, 32 Conn. 75; Brown v. Kendall, 6 Cushing, 292; Robertson v. State, 2 Lea (Tenn.) 239.

" Only pecuniary damages can be recovered in such actions as this. Nothing can be given as a solace or for bereavement suffered." City of Chicago v. Hesing, Adm'r, 83 Ill. 204; City of Chicago v. Major, 18 Ill. 349.

"In case a minor child is injured, the parents can not recover for the injury as such; that right belongs to the child. But the father can recover for the loss to himself

Seltzer v. Saxton.

caused by the injury, which will be measured by the loss of the child's services during minority, and by the expenses of the illness caused by the injury. Cuming .v. Brooklyn C. R. Co., 109 N. Y. 95; American and English Encyclopedia of Law, Vol. 17, page 385, and cases therein cited.

An attorney is an officer of the court in which he practices, and acts under his oath of office. And where he appears for a party, the law presumes he has the right to do so, until the contrary appears. Reed v. Curry, 35 Ill. 536; Williams v. Butler, 35 Ill. 544; Harris v. Galbraith, 43 Ill. 309; Ransom v. Jones, 1 Scam. 291; People v. Quick, 92 Ill. 580.

LeForgee & Lee and J. M. Newman, attorneys for appellee.

To constitute an available defense in cases of the same nature as the case at bar, it must appear that the injury was unavoidable, or the result of some superior agency, without the imputation, in any degree, of fault to the defendant. Atchison v. Dullam, 16 Brad. 42; Underwood v. Hewson, 1 Strange, 596; Tally v. Ayres, 3 Sneed, 677; Chataigne v. Bergeron, 10 La. Ann. 699; Morgan v. Cox, 22 Mo. 373.

The fact of an alleged agency can not be proved by the unaided declaration of the alleged agent, not brought home to the principal. Maxey v. Heckethorn, 44 Ill. 437; Whiteside v. Margarel, 51 Ill. 507; Thayer v. Meeker, 86 Ill. 470; Proctor v. Tows, 115 Ill. 138; Heustis v. Kennedy, 23 Ill. App. 42; Osgood v. Pacey, 23 Ill. App. 116.

Negligence may be presumed where an injury has resulted through the acts and conduct of defendant. North Chicago St. R. Co. v. Cotton, 140 Ill. 486; North Chicago St. R. Co. v. Cotton, 41 Ill. App. 311.

The verdict of $2,900 is not excessive. Texas & N. O. Railway Co. v. Wood, 24 Southwestern Reporter, 569; Dollars v. Roberts, 29 Northwestern Reporter, 104; Maurerman v. St. Louis, I. M. & S. Ry. Co., 41 Missouri App. 348.

What the life of one is worth, in a pecuniary sense, is a question incapable in its nature of exact determination. How this pecuniary damage is measured and what shall be the amount, must be left largely to the discretion of the jury. City of Chicago v. Hesing, Adm'r, 83 Ill. 207; Chicago & A. R. R. Co. v. Shannon, 43 Ill. 338.

In a suit by a parent for loss of services, the parent may recover for time spent in caring for and nursing the child. Connell v. Putnam, 58 New Hampshire, 534.

When a parent sues for an injury to a minor son, the measure of damages is the present value of his future earnings during minority, less the cost of maintenance, and the expense of sickness. A. & E. Enc. of Law, Vol. 17, page 390.

Is $2,900 excessive? A. & E. Enc. of Law, Vol. 17, page 390, and cases cited; Houston, etc., Ry. Co. v. Miller, 49 Texas, 322; Chicago, B. & Q. R. R. Co. v. Warner, 108 Ill. 538; Anglo-American Packing & Provision Co. v. Baier, 31 Ill. App. 653; Atchison, T. & S. F. R. R. Co. v. Elder, 50 Ill. App. 276.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

The plaintiff below recovered a verdict and judgment against defendant for $2,900, from which the latter has prosecuted this appeal.

The cause of action was an injury to the infant son of plaintiff, whereby the plaintiff had been and would be deprived of the services of the son, and had been and would be put to great expense and trouble in taking care of him during his minority. The injury complained of was by the careless and negligent discharge of a pistol at the child, which resulted in the loss and removal of the right eye and a condition of blindness, almost if not quite total, of the left.

The shooting was according to the proof a most negligent and indefensible act, done not intentionally as claimed, and probably so, and that the defendant should be held responsible therefor seems too clear for argument.

The child, then some six years of age, was playing in

front of the defendant's place of business, and was causing some annoyance to the defendant and his clerk by climbing on the bars in front of the window and making childish noises, when, to frighten him, the defendant flourished a pistol, pointing it in that direction, and accidentally discharged it, the bullet entering the face just below the right eye, with the ultimate consequences already stated. That there was no intention to do an injury under such circumstances is no defense.

The act was grossly negligent and the defendant is liable.

It is urged the damages are excessive.

The plaintiff was entitled to recover a reasonable sum for actual loss sustained and to be sustained by reason of the defendant's act.

This actual loss would be made up of expense and trouble in caring for the child and the deprivation of his services during minority. Great expense and trouble have already been incurred, and if the present condition of the left eye should continue, as according to the medical testimony is probable, the child will be a very serious burden hereafter. It is difficult to estimate just what this item may amount to in a pecuniary sense. The loss of service will be total.

There is, of course, no fixed measure of damages in such a case, and the allowance must rest in the sound discretion of the jury. We think that discretion was not abused here.

The sum assessed is not unreasonable in view of the great burden cast upon the plaintiff by the permanent affliction of the child, to which must be added the loss of services during minority.

It is urged on behalf of appellant that the jury were led to their assessment of damages by the admission of improper and irrelevant testimony in regard to a conversation between the plaintiff and defendant, when the former applied for a loan of $100 to enable him to take the child to an oculist. The defendant declined to make the loan and advised the plaintiff not to incur the expense.

For some time after the injury it was not supposed by the plaintiff's local physician that even the right eye was

permanently affected. The external wound was very slight, and it was thought it might be due wholly to broken pieces of glass which were extracted, but as time passed the eye did not improve and seemed to be sightless, and the left eye, appearing to be affected sympathetically, the plaintiff was advised to consult a specialist. He was unable to raise the money for that purpose without considerable effort, and as it seemed, later, valuable time was lost in this way.

The admission of the proof referred to is justified by counsel for the purpose of showing that plaintiff was reasonably diligent, under the circumstances, and that the defendant discouraged and to some extent delayed the visit to the specialist. We can not say the evidence complained of was wholly irrelevant—nor do we think it improperly affected the jury in the assessment of damages.

Another item of proof which it is urged was irrelevant and calculated to enhance the damages, was a part of the testimony of the specialist who removed the right eye and also the bullet which was found imbedded in the skull just back of the eye. The particular objection is that the witness was permitted to exhibit the eye and the bullet so removed, and a piece of the bone which was detached in extracting the bullet. It was a material part of the plaintiff's case to show that the condition of the left eye was caused by the injury to the right, and that the bullet did penetrate the flesh as alleged, and lodged where it was found. It was competent to show this by the result of the operation and the opinion of the surgeon. There was no impropriety in permitting the jury to see these physical evidences of an important and controverted fact, and is not to be presumed that such exhibition would deprive them of the capacity of reaching a reasonable and dispassionate conclusion.

It is further insisted the trial court erred in refusing proof that the plaintiff had waived his right of action against defendant, in consideration of the withdrawal by defendant of a motion for new trial in a case brought against him by the child. It was not shown or proposed to show that the

plaintiff was a party to the suggested arrangement, but merely that the attorney of the child had volunteered the statement that if the defendant would pay the amount of the verdict in that case, the defendant would not be sued by the present plaintiff.

The evidence was properly rejected for the reason that the plaintiff could not be prejudiced by such statement of the attorney, unless made by authority from him, which was not involved in the offered proof.

It is urged the sixth instruction given for plaintiff was erroneous, because it did "not limit the time of care and service to be recovered for to the minority of the boy."

The instruction is indefinite in this respect, and is therefore faulty, but it is supplemented and cured by the sixth instruction given for defendant, which distinctly states the limitation.

It is argued that the court erred in refusing the sixth refused instruction asked by defendant, to the effect that the jury could not go outside of the evidence to make up their verdict, and that if the finding was for the plaintiff the amount allowed must be confined to the pecuniary loss.

The admonition contained in the first sentence of this instruction was gratuitous. There was no occasion to go outside of the evidence, nor, in view of the proof, can we suppose the jury did so in finding for the plaintiff. Indeed we do not see how, on the evidence, they could have found against him. The rest of the instruction, relating to the measure of damages, was but a repetition of what was contained in the fourth and sixth, which were given at defendant's request.

The seventh refused was to the effect that if the boy could see out of his left eye, and that if any witness had knowingly sworn falsely as to the sight of said eye for the purpose of increasing the damages, then the jury might disregard the testimony of such witness unless corroborated, etc.

On reading the evidence we find no occasion for this instruction. While the proposition involved is correct

abstractly, yet, unless there was some occasion for it, there was no error in refusing it. Had it been given we can not believe the verdict would have been different. The eighth refused was to the effect that the plaintiff must prove every material allegation in his declaration. There were seven counts in the declaration, in which the case was variously stated. In the instructions already given the jury had been told specifically what the plaintiff was required to prove in order to make out a case.

This instruction would have tended to confuse and mislead, and therefore was properly refused.

As already stated we think the verdict was abundantly justified by the evidence, and we find the law applicable was given with sufficient clearness and fully enough.

It would not comport with justice to reverse the judgment on any of the alleged errors.

Judgment affirmed.