14 December 1999

NO. 5-98-0105

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

STINNES CORPORATION, ) Appeal from the   

) Circuit Court of 

Plaintiff-Appellant, ) Williamson County.

)

) No. 91-L-155

)

KERR-McGEE COAL ) 

CORPORATION, ) Honorable

) Paul S. Murphy,

Defendant-Appellee. ) Judge, presiding.  

PRESIDING JUSTICE GOLDENHERSH delivered the opinion of the court:

Stinnes Corporation, third-party plaintiff (Stinnes), appeals from an order of the circuit court of Williamson County dismissing its action for spoliation of evidence against Kerr-McGee Coal Corporation, third-party defendant (Kerr-McGee).  The underlying products liability action was brought by Robert W. Wilkas and James Benge against Stinnes' subsidiary, SRE Carlsbad, Inc. (SRE Carlsbad), for personal injuries arising out of a coal-

mining vehicle accident that occurred at a mine owned by Wilkas' and Benge's employer, Kerr-McGee.  Wilkas and Benge take no part in this appeal.  SRE Carlsbad dissolved on December 29, 1989, prior to the Wilkas and Benge accident.  Stinnes was substituted as the real party in interest.  Accordingly, SRE Carlsbad also takes no part in this appeal.  The issue raised herein is whether the trial court improperly dismissed Stinnes' complaint with prejudice pursuant to Kerr-McGee's motion attacking Stinnes' complaint.  Stinnes contends, and we agree, that it has properly stated a claim against Kerr-McGee for spoliation of evidence based upon traditional negligence princi­ples.  We reverse and remand.

BACKGROUND

On September 9, 1991, Robert Wilkas and James Benge originally filed a products liability action in Washington County against defendants A.L. Lee Corporation (A.L. Lee), SRE Carlsbad, Inc. (successor to MEMCO, Inc.), and Dana Corporation, doing business as Spicer Heavy Axle Division, for injuries received in a July 18, 1990, work accident at Kerr-

McGee's Galatia mine when the mantrip (an underground mine vehicle) in which they were riding overturned.  Wilkas and Benge were both employees of Kerr-McGee at the time of the accident.  The workers' complaint alleged that A.L. Lee and SRE Carlsbad designed, manufactured, and sold the mantrip in which they were riding at the time of the accident.  The actual manufacturer of the mantrip was MEMCO, Inc., the predecessor to SRE Carlsbad.  MEMCO, Inc., changed its name to SRE Carlsbad after selling its assets, including its name, to A.L. Lee in 1985.

On October 15, 1991, those defendants filed a petition for removal to the United States District Court for the Southern District of Illinois.  After removal to the district court, SRE Carlsbad filed its third-party complaint against Kerr-McGee, seeking contribution based upon Kerr-McGee's alleged negligence in its supervision, care, and maintenance of the mantrip involved in the July 18, 1990, accident.  On May 6, 1992, SRE Carlsbad examined the mantrip and discovered that damaged parts were missing.  On July 14, 1993, SRE Carlsbad filed a motion with the district court for leave to amend its third-party complaint against Kerr-McGee to add a claim for spoliation of evidence for Kerr-McGee's alleged failure to preserve parts from the mantrip involved in the Wilkas-and-Benge work accident.  On August 4, 1993, the district court denied SRE Carlsbad's motion for leave to amend and later denied a motion to reconsider.

On October 8, 1993, Wilkas and Benge settled with all defendants.  The district court found Wilkas' and Benge's settle­ment with Kerr-McGee to be in good faith, and it dismissed SRE Carlsbad's contribution claims with prejudice.  
SRE Carlsbad, Inc., v. Kerr-McGee Coal Corp.
, No. 91-CV-4232-JPG (S.D. Ill. October 8, 1993).  
On October 13, 1993, SRE Carlsbad filed a notice of appeal to the Seventh Circuit Court of Appeals, challenging the district court's denial of the motion for leave to amend the third-party complaint to add a claim for negligent spoliation of evidence.  While awaiting a determina­tion, our supreme court decided the case of 
Boyd v. Travelers Insurance Co.
, 166 Ill. 2d 188, 652 N.E.2d 267 (1995).  In that case, our supreme court refused to recognize a new cause of action for negligent spoliation of evidence, finding instead that a claim for negligent spoliation could be made under existing negligence law.  Accordingly, the Seventh Circuit Court of Appeals reversed the district court and remanded with directions to reconsider in light of 
Boyd
.  
SRE Carlsbad, Inc. v. Kerr-McGee Coal Corp.
, No. 93-3498 (7th Cir. May 25, 1995) (unpublished order).  

After remand, SRE Carlsbad sought to add another party, its parent corporation, Stinnes, as a real party in interest because of an indemnification agreement that required Stinnes to cover claims against SRE Carlsbad.  Stinnes alleged that its payments to Wilkas and Benge were made on behalf of both itself and SRE Carlsbad.  The district court concluded that Stinnes was a real party in interest, and the court also found that SRE Carlsbad lacked capacity to maintain a negligent spoliation claim against Kerr-McGee because SRE Carlsbad was voluntarily dissolved as a corporation on December 29, 1989, prior to the work accident upon which the underlying litigation was based.

On June 11, 1996, Stinnes filed a motion for leave to file its fifth amended complaint for crossclaim against Kerr-McGee, alleging negligent spoliation of evidence.  On June 12, 1996, the district court granted leave to Stinnes to file its fifth amended complaint.  At the same time, the district court declined to exercise addition­al diversity jurisdiction over the case because diversity did not exist between Stinnes and Kerr-McGee, both Delaware corporations.  Accordingly, the case was remanded to the circuit court of Williamson County.

On August 30, 1996, Kerr-McGee filed a special and limited appearance, contending that it had never been served with summons by Stinnes and, therefore, the trial court had no personal jurisdiction over Kerr-McGee.  The trial court denied Kerr-McGee's motion and ordered it to file a pleading.  On December 12, 1996, in lieu of its answer, Kerr-McGee filed a motion attacking Stinnes' fifth amended complaint on numerous grounds.  The motion failed to state under which rule it was brought and was not supported by affidavit, deposition, testimony, or any other such evidentiary material.  On December 27, 1996, Stinnes filed its response.  On November 25, 1997, the trial court ruled on Kerr-McGee's motion by way of letter, which stated, "[Kerr-McGee's] Motion to Dismiss should be granted because Defendant did not owe a duty to [Stinnes] to preserve evidence."  On November 26, 1997, Stinnes sent a letter to the trial court, asking it to reconsider its ruling.  On January 28, 1998, the trial court entered an order dismissing Stinnes' complaint with prejudice.  Stinnes now appeals.

ANALYSIS

The issue we are asked to address is whether the trial court improperly dismissed Stinnes' complaint with prejudice pursuant to Kerr-McGee's motion attacking Stinnes' complaint.  Stinnes contends it made a proper claim upon which relief may be granted and argues that the trial court erred in dismissing its complaint.  Kerr-McGee responds with numerous arguments as to why the trial court's dismissal should be affirmed.  Both parties' contentions are fully addressed in the following analysis.

I.  STANDARD OF REVIEW

Kerr-McGee failed to identify whether its motion to dismiss was filed under section 2-615 or section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615, 2-619 (West 1996)).  
A section 2-615 motion attacks only a complaint's legal sufficien­cy; its purpose is not to raise affirmative factual defenses but rather to allege defects apparent on the face of the pleadings.  See 
Illinois Graphics Co. v. Nickum
, 159 Ill. 2d 469, 484, 639 N.E.2d 1282, 1289 (1994).  Converse­ly, the primary basis for a section 2-619 motion is to alert the court to affirmative matter that defeats the claim or operates to bar its legal effect.  See 735 ILCS 5/2-619 (West 1996); 
Illinois Graphics Co.
, 159 Ill. 2d at 485, 639 N.E.2d at 1289-90.  According to the letter of section 2-619(a) of the Code, affirma­tive matter is to be supported by affidavit.  See 
Illinois Graphics Co.
, 159 Ill. 2d at 485, 639 N.E.2d at 1290.  Here, Stinnes contends that the motion must be reviewed only on the basis that it was a section 2-615 motion because Kerr-McGee failed to support its motion.  Moreover, Stinnes complains that Kerr-McGee's failure to label this motion as either a section 2-615 or section 2-619 motion prejudiced defendant, making reversal necessary.  See 
Illinois Graphics Co.
, 159 Ill. 2d at 484, 639 N.E.2d at 1289.

When ruling on a motion to dismiss, either for the failure to state a cause of action (see 735 ILCS 5/2-615 (West 1996)) or because the claims are barred by other affirmative matter that avoids the legal effect or defeats the claim (see 735 ILCS 5/2-619(a)(9) (West 1996)), the trial court must interpret all pleadings and supporting documents in the light most favorable to the nonmoving party.  The trial court should grant the motion only if the plaintiff can prove no set of facts that would support a cause of action on appeal. Review is 
de novo
.  See 
Pechan v. DynaPro, Inc.
, 251 Ill. App. 3d 1072, 1083, 622 N.E.2d 108, 117 (1993); 
Toombs v. City of Cham­paign
, 245 Ill. App. 3d 580, 583, 615 N.E.2d 50, 51 (1993).  After a complete review of the record and arguments submitted by both parties, we conclude that the trial court erred in dismissing plaintiff's fifth amended complaint under either a section 2-615 or a section 2-619 analysis.

II.  NEGLIGENT SPOLIATION OF EVIDENCE

The main issue before us is whether Stinnes has stated a claim for spoliation of evidence.  Stinnes contends that it has made a proper claim for spoliation of evidence under tradition­al negli­gence principles as set forth in 
Boyd v. Travelers Insurance Co.
, 166 Ill. 2d 188, 652 N.E.2d 267 (1995), and that the trial court improperly dismissed its com­plaint.  Kerr-McGee responds that since it owned the mantrip and its component parts, as a matter of law, it had no duty to preserve the evidence for Stinnes' benefit.  Moreover, assuming, 
arguendo
, that we find that Kerr-McGee initially preserved the evidence in question, Kerr-

McGee contends it did so only because it was mandated to do so by the Federal Mine Safety and Health Act (Act) and federal regulations (see 30 U.S.C. §813(j) (1994); 30 C.F.R. §§12, 50.11 (1990)) and did not volun­tari­ly assume a duty to preserve evidence.  Thus, Kerr-

McGee contends that 
Boyd
 is inapplicable to the present situation.  

In 
Boyd
, the plaintiff was injured when a propane heater exploded at his place of employment.  The plaintiff filed a workers' compensation claim against his employer and his employer's insurance company.  Employees of Travelers Insurance Company (Travelers) took posses­sion of the heater to test it, lost it, and admitted never testing the heater.  The plaintiff filed suit against the manufacturer of the heater and later joined Travelers as a defendant, claiming that Travelers' loss of the heater prejudiced the products liability action against the manufacturer.  After dismissing the spoliation-of-evidence claim as premature, the trial court certified the question of whether a spoliation action can be brought at the same time as the underlying action.

The Illinois Supreme Court, in 
Boyd
, refused to recognize an independent tort of spoliation but held that an action for negligent spoliation of evidence can be pleaded under existing negligence theories.  
Boyd
, 166 Ill. 2d at 192-93, 652 N.E.2d at 270. To state a cause of action for negligent spoliation of evidence, a plaintiff must plead the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, an injury caused by the breach, and damages.  See 
Boyd
, 166 Ill. 2d at 194-95, 652 N.E.2d at 270.

The question raised by Stinnes' appeal is whether Kerr-McGee owed Stinnes a legal duty to preserve the component parts.  To determine whether a defendant owes a duty to a plaintiff, we must decide whether their relationship was such that the law imposed upon the defendant an obligation of reasonable conduct for the benefit of the plaintiff.  The 
Boyd
 court reiterated the general rule that there is no common law duty to preserve evidence, but the court noted that such a duty might arise through an agreement, a contract, a statute, or other special circumstances or a defendant might voluntarily assume such a duty by affirmative conduct.  
Boyd
, 166 Ill. 2d at 195, 652 N.E.2d at 270-71.  In any of the foregoing instances, a defendant owes a duty of care to preserve evidence, "if a reasonable person in the defendant's position should have foreseen that the evidence was material to a potential civil action."  
Boyd
, 166 Ill. 2d at 195, 652 N.E.2d at 271.  While a defendant might assume a duty by affirmative conduct, the pleadings must allege facts describing that conduct.  See 
Nelson v. Union Wire Rope Corp.
, 31 Ill. 2d 69, 74-75, 199 N.E.2d 769, 773-74 (1964).

The fifth amended complaint alleges, 
inter alia
, the follow­ing:

"14.  At all relevant times, it was a policy at Kerr-McGee to tag and preserve parts of its machinery which were involved in accidents resulting in injuries to its workers.  This was done in anticipation of litigation.

15.  On or about July 18, 1990, shortly after the subject accident involving Robert W. Wilkas and James Benge, Kerr-McGee gathered the failed parts of the subject rear axle assembly, had them tagged, and then placed them in a designat­ed holding area.  This was done for the purpose of preserving such parts in anticipation of litigation.

16.  At the time that it undertook to preserve said parts of the subject rear axle assembly, Kerr-McGee knew or reason­ably should have known that said parts were material to a potential action for product liability involving said parts and the vehicle from which they came.

17.  At the time it undertook to preserve said parts of the subject rear axle assembly, Kerr-McGee knew or reasonably should have known that it was a potential party to a potential action for product liability involving said parts and the vehicle from which they came.

18.  In spite of the fact that it knew or reasonably should have known that said parts of the subject rear axle assembly were material evidence to a potential product liability action, Kerr-McGee failed to use due care in preserving this key evidence.  Specifically, Kerr-McGee lost said evidence prior to the time that Robert W. Wilkas and James Benge filed their complaint against SRE Carlsbad and others."

Stinnes alleged that as the result of Kerr-McGee's failure to use due care in preserving the parts, it was unable to establish which component parts of the axle failed, whether such parts were replacement parts, and/or whether Kerr-McGee had inadequately maintained the vehicle and its parts.  Stinnes alleged that but for the loss of the evidence, it had a reasonable probability of succeeding in its defense of the Wilkas and Benge lawsuit and that Stinnes suffered money damages because it was forced to settle with Wilkas and Benge for $620,000 because it was unable to refute, with a reasonable probability of succeeding, the claims of Wilkas and Benge.

Our examination of the pleadings indicates that Stinnes pled specific facts that established the existence of a duty to preserve the evidence.  Stinnes' pleading alleges that Kerr-McGee assumed the duty to preserve the evidence and that Kerr-McGee reasonably should have known that the component parts would be evidence material to future litigation.  The trial court dismissed plaintiff's fifth amended complaint, finding that there was no duty to collect and store the evidence and that defendant had not volun­tarily assumed such a duty since its actions initially in preserv­ing the evidence were undertaken only to comply with the Act.  We do not agree.

There is nothing in the record which indicates that Kerr-McGee preserved the component parts in question only because they were required to do so under the Act.  No affidavits were attached; no depositions have been taken.  Stinnes simply alleged in its complaint that Kerr-McGee preserved the parts for purposes of litigation.  Moreover, Stinnes alleges that even if Kerr-McGee only initially preserved the parts because of the Act, Kerr-

McGee should have foreseen that the evidence was material to potential civil actions and, therefore, Kerr-McGee was under a duty to preserve the parts for a reasonable period of time.  
Boyd
 specifi­cally states, "A defendant owes a duty of care to preserve evidence if a reasonable person in the defendant's position should have foreseen that the evidence was material to a potential civil action."  166 Ill. 2d at 195, 652 N.E.2d at 271.  

Kerr-McGee next asserts that assuming, 
arguendo
, that it did initially preserve the parts of the vehicle involved in the Wilkas and Benge accident, that voluntary assumption of a duty does not flow to Stinnes because, under 
Boyd
, that duty only flows to Wilkas and Benge, who were the personal injury tort victims.  Kerr-McGee contends that Stinnes had no pretort relationship with Stinnes which would give rise to a duty to preserve evidence.  Kerr-

McGee's effort to create a distinction limiting 
Boyd
 to personal injury plaintiffs only is without merit.  Such a distinction cannot be gleaned from the 
Boyd
 opinion.  To the contrary, case law supports the opposite conclusion.  For example, in 
Shimanovsky v. General Motors Corp.
, 181 Ill. 2d 112, 692 N.E.2d 286 (1998), our supreme court held that the plaintiff's destruc­tive testing of an automobile's allegedly defective power-steering components prior to the commencement of a lawsuit warranted the imposition of a discovery sanction against the plaintiff.  In that case, the defendant sought the imposition of a sanction after the plaintiff's experts either altered the condition of or partially destroyed the power-steering components.  The 
Shimanovsky
 court specifically stated as follows:

"A 
potential litigant
 owes a duty to take reasonable measures to preserve the integrity of relevant and material evidence.  This duty is based on the court's concern that, were it unable to sanction a party for the presuit destruction of evidence, a potential litigant could circumvent discovery rules or escape liability by simply destroying the proof prior to the filing of a complaint."  (Emphasis added.)  181 Ill. 2d at 121, 692 N.E.2d at 290.

Thus, the 
Shimanovsky
 court did not limit its analysis to plain­tiffs in personal injury lawsuits, but the court said that any "poten­tial litigant" owes the duty to preserve evidence. 

Kerr-McGee also contends that, under the facts presented here, to find that it had a duty to preserve evidence would be tantamount to a judicial taking of its property without due process, contrary to the fifth amendment (U.S. Const., amend. V).  Stinnes responds that this argument was not raised below and is inconsistent with Kerr-McGee's conten­tion that it preserved the evidence only to comply with the Act, because Kerr-McGee did not contend that it was constitution­ally impermissi­ble to require the preservation of evidence pursuant to the Act.  After careful consideration, we agree with Stinnes that there is no precedent or logical argument to support Kerr-McGee's position that a party cannot be subject to liability for being negligent with its own property.  To the contrary, precedent supports the opposite finding.  Sanctions have been imposed against plaintiffs for failing to properly preserve evidence in products liability actions.  The 
Shimanovsky
 case previously discussed is an excellent example.   

III.  
MOORMAN
 DOCTRINE 

Kerr-McGee also contends that because Stinnes alleged only economic loss, particularly that it paid more than its fair share to Wilkas and Benge, no recovery is allowed pursuant to 
Moorman Manufacturing Co. v. National Tank Co.
, 91 Ill. 2d 69, 435 N.E.2d 443 (1982).  We disagree.  

A general maxim in tort jurisprudence is that economic loss is not recoverable in tort.  See 
Moorman Manufactur­ing Co. v. National Tank Co.
, 91 Ill. 2d 69, 435 N.E.2d 443 (1982).

"'Economic loss' has been defined as 'damages for inadequate value, costs of repair and replacement of the defective product, or consequent loss of profits--without any claim of personal injury or damage to other property ***' [citation] as well as 'the diminution in the value of the product because it is inferior in quality and does not work for the general purposes for which it was manufactured and sold.'"  
Moorman
, 91 Ill. 2d at 82, 435 N.E.2d at 449.  

This doctrine is premised upon the theory that tort law affords a remedy for losses occasioned by personal injuries or damage to one's property, but contract law and the Uniform Commercial Code offer the appropriate remedy for economic losses occasioned by diminished commercial expectations not coupled with injury to person or property.  See 
In re Chicago Flood Litigation
, 176 Ill. 2d  179, 200, 680 N.E.2d 265, 275 (1997), citing 
In re Illinois Bell Switching Station Litigation
, 161 Ill. 2d 233, 241, 641 N.E.2d 440, 444 (1994), citing 
Moorman
, 91 Ill. 2d at 86, 435 N.E.2d at 450.  The proper test for distinguishing between recovery in tort and contract damages (economic losses) depends upon the nature of the defect and the manner in which the damage occurred.  See 
Trans States Airlines v. Pratt & Whitney Canada, Inc.
, 177 Ill. 2d 21, 34-35, 682 N.E.2d 45, 51 (1997); 
Moorman
, 91 Ill. 2d at 82, 435 N.E.2d at 449.

The 
Moorman
 case involved a grain tank that developed a crack, allegedly because of a defect.  No other injury was involved.  The plaintiff was the purchaser of the grain tank, and the defendant was the seller.  The focus in 
Moorman
 was whether an action in tort could be made or whether the proper remedy was in contract.  

The present case is distin­guishable from 
Moorman.
  Here, Stinnes alleged that it was harmed to the extent that it was forced to settle with Wilkas and Benge because it could not adequately defend itself in their personal injury lawsuit due to Kerr-McGee's spoliation of critical evidence.  We have already deter­mined that 
Boyd
 allows such a claim.  Kerr-McGee's attempt to avoid the applica­tion of 
Boyd
 to the present case on the basis of 
Moorman
 is unconvincing.  We find 
Moorman
 inapplicable to the present case.

IV.  NATURE OF STINNES' ALLEGED INJURY

Kerr-McGee makes numerous allegations that hinge on whether or not Stinnes' cause of action must be linked with Wilkas' and Benge's underlying complaint or whether Kerr-

McGee's potential liability arises from a separate injury.  Kerr-McGee specifically contends that (1) its good faith settlement with plaintiffs, Wilkas and Benge, bars Stinnes' complaint, (2) its alleged negligence in this case can only be asserted in a claim for contribution under the Joint Tortfeasor Contribution Act (740 ILCS 100/1 
et seq.
 (West 1996)), and (3) under 
Kotecki v. Cyclops Welding Corp.
, 146 Ill. 2d 155, 585 N.E.2d 1023 (1991), any potential liability is limited to the amount of its workers' compen­sation lien.

Contrary to Kerr-McGee's assertions, 
Boyd
 specifically addressed the contribution issue and found that the potential liability under a personal injury action and the potential liability under a negligent spoliation action arise from two 
different
 injuries.  In 
Boy
d
, a major issue was whether a single trier of fact should hear the action for negligent spoliation concurrently with the underlying personal injury suit.  
The 
Boyd
 court determined that a single trier of fact would be best.  166 Ill. 2d at 198, 652 N.E.2d at 272.  In making that determination, our supreme court specifically commented on the contribution issue as follows:

"Plaintiffs incorrectly argued in the trial court that a single jury should be permitted to apportion liability between Coleman [manufacturer of the propane catalytic heater] and Travelers.  Contribution does not apply in this case.  Coleman's and Travelers' potential liability arise from two different injuries.  (See 740 ILCS 100/2 (West 1992).)  Coleman is liable if plaintiffs can prove that its heater was unreasonably dangerous or negligently manufactured.  Travelers is liable only if plaintiffs can demonstrate that its loss of the heater caused them to be unable to prove their lawsuit against Coleman."  
Boyd
, 166 Ill. 2d at 198-99 n.3, 652 N.E.2d at 272 n.3.

Likewise, in the instant case, Stinnes' liability to Wilkas and Benge and Kerr-McGee's potential liability for negligent spoliation arise from two different injuries.  

Stinnes was liable to Wilkas and Benge for personal injuries caused by the manufacture and design of the mantrip and its component parts.  Kerr-McGee was brought into the personal injury suit under a theory of improper maintenance.  Kerr-McGee is liable to Stinnes only if Stinnes can demonstrate that the loss of the component parts by Kerr-

McGee caused Stinnes to be unable to defend the suit brought by Wilkas and Benge.  According­ly, we agree with Stinnes that its claim of Kerr-McGee's failure to preserve evidence is an indepen­dent tortious act from the tortious act which caused Wilkas' and Benge's injuries.  As such, the settlement in the underlying action did not bar Stinnes' complaint for the separate tortious act of negligent spolia­tion of evidence.  For the same reason, Kerr-McGee's 
Kotecki
 argument also fails.

Kotecki
 holds that an employer sued as a third party in a products liability case is liable in contribution only for the amount of the employer's statutory liability under the Workers' Compensation Act (820 ILCS 305/1 
et seq.
 (West 1998)).  146 Ill. 2d 155, 585 N.E.2d 1023.  
Kotecki
 is inapplicable to the facts of this case, however, because the alleged negligent spoliation of evidence is separate from the personal injury suit brought by Wilkas and Benge for the injuries they sustained in the coal-mining vehicle accident.  

V.  PREEMPTION

Kerr-McGee next asserts that Stinnes' common law tort claim for negligent spoliation of evidence is preempted by the Federal Mine Safety and Health Act (30 U.S.C. 801 
et seq.
  (1994)).  Kerr-McGee fails to cite any particular portion of the Act in support of this proposition.  For the following reasons, we find that Stinnes' claim is not preempted by the Act.

"Under the Supremacy Clause, U.S. Const., Art. VI, cl. 2, state laws that 'interfere with, or are contrary to the laws of congress, made in pursuance of the constitution' are invalid.  [Citation.]  The ways in which federal law may preempt state law are well estab­lished and in the first instance turn on congressional intent.  [Citation.]  Congress' intent to supplant state authority in a particular field may be expressed in the terms of the statute.  [Citation.]  Absent explicit pre[]emptive language, Congress' intent to supersede state law in a given area may nonetheless be implicit if a scheme of federal regulation is 'so pervasive as to make reasonable the inference that Congress left no room for the States to supplant it,' if 'the Act of Congress ... touch[es] a field in which the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject,' or if the goals 'sought to be obtained' and the 'obligations imposed' reveal a purpose to preclude state authority.  [Citations.]"  
Wisconsin Public Intervenor v. Mortier
, 501 U.S. 597, 604-05, 115 L. Ed. 2d 532, 111 S. Ct. 2476, 2481-82 (1991).

The Act contains neither any "explicit pre[]emptive lan­guage" nor any specific indication of "a scheme of federal regula­tion *** so pervasive *** that Congress left no room for the states to supplement it."  
Echard v. Devine
, 726 F. Supp. 1045, 1048 (N.D. W. Va. 1989), citing 
Pacific Gas & Electric Co. v. State Energy Resources Conservation & Development Comm'n
, 461 U.S. 190, 203-04, 75 L. Ed. 2d 752, 103 S. Ct. 1713, 1722 (1983).  Moreover, the cases cited by Kerr-McGee in the instant case to support preemption, specifically, 
Raymer v. United States
, 660 F.2d 1136 (6th Cir. 1981), 
Ayla v. Joy Manufacturing Co.
, 580 F. Supp. 521 (D. Colo. 1984), and 
McCreary v. United States
, 488 F. Supp. 538 (W.D. Pa. 1980), stand for the general proposition that the Act does not create a private cause of action against the government.  These cases do not support Kerr-McGee's assertion that the Act prohibits a state law tort action against a mine operator.  We find that this claim is not preempted by the Act. 

VI.  STATUTE OF LIMITATIONS

Defendant also contends that Stinnes' fifth amended complaint is barred by the statute of limitations.  We note that Kerr-McGee did not raise this issue in the trial court.  Accordingly, we will not consider that argument in this disposition.  See 
People ex rel. Wilcox v. Equity Funding Life Insurance Co.,
 61 Ill. 2d 303, 335 N.E.2d 448 (1975).

For the foregoing reasons, we reverse the trial court's order dismissing Stinnes' fifth amended complaint and remand for further proceedings consistent with this opinion.

Reversed and remanded.

RARICK and MAAG, JJ., concur.