KELLI WORLEY, Plaintiff-Appellant, v. KARA BARGER, Defendant-Appellee.

Fifth District    No. 5—02—0679

Opinion filed March 31, 2004.

Bruce D. Irish, of Sam C. Mitchell & Associates, of West Frankfort, for appellant.

Brad K. Bleyer, of Marion, for appellee.

JUSTICE DONOVAN delivered the opinion of the court:

Plaintiff, Kelli Worley, appeals the order of the circuit court of Pope County dismissing her complaint to recover for lost wages she claimed to have suffered in order to provide care for her minor child, Kelly Barger, who was injured in a car accident as the result of defendant's negligence. For the following reasons, we find that the parent is entitled to recover the *reasonable value* of the services rendered in caring for her minor child who was injured as a result of defendant's negligence. We reverse and remand for further proceedings.

## BACKGROUND

The plaintiff in this case, Kelli Worley, is the mother and custodial

parent of the minor child, Kelly Barger. On June 28, 1999, while Kelly was a passenger in an automobile operated by defendant, Kara Barger, the automobile left the road and overturned, resulting in injuries to Kelly. A settlement was reached on behalf of Kelly against defendant. After the settlement, plaintiff filed a complaint attempting to recover for lost wages she claimed to have sustained in order to provide care for Kelly as a direct result of the negligence of defendant. Defendant filed a motion to dismiss pursuant to section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—619 (West 2000)), claiming that defendant owed no legal duty to plaintiff that would allow her to collect the claimed lost wages. The court heard arguments from counsel and dismissed the complaint with leave to amend. Plaintiff filed her first amended complaint and realleged the allegations from the original complaint. Defendant filed a motion to dismiss plaintiff's first amended complaint, pursuant to section 2—619. On September 9, 2002, the trial court entered an order finding that plaintiff's complaint did not state a cause of action. It is from this order that plaintiff appeals.

## ANALYSIS

■ Although the motion was filed as a section 2—619 motion to dismiss, we will analyze it as a motion to dismiss under section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 2000)), because the motion challenges the legal sufficiency of the complaint. See *Chandler v. Illinois Central R.R. Co.*, 207 Ill. 2d 331, 348, 798 N.E.2d 724, 733 (2003). "A section 2—615 motion attacks only a complaint's legal sufficiency; its purpose is not to raise affirmative factual defenses but rather to allege defects apparent on the face of the pleadings." *Stinnes Corp. v. Kerr-McGee Coal Corp.*, 309 Ill. App. 3d 707, 712, 722 N.E.2d 1167, 1170 (1999). In reviewing a section 2—615 dismissal, a reviewing court must decide whether the allegations, when construed in the light most favorable to the plaintiff, are sufficient to establish a cause of action upon which relief may be granted. A cause of action should be dismissed only if it is clearly apparent from the pleadings that no set of facts can be proven which will entitle the plaintiff to recovery. *Chandler*, 207 Ill. 2d at 349, 798 N.E.2d at 733. The review of a section 2—615 dismissal is conducted *de novo*. *Chandler*, 207 Ill. 2d at 349, 798 N.E.2d at 733; see also *Bajwa v. Metropolitan Life Insurance Co.*, 208 Ill. 2d 414, 804 N.E.2d 519 (2004).

■ To recover in a negligence action, a plaintiff must allege facts from which a court will find a duty of care owed by the defendant to the plaintiff, a breach of the duty, and an injury proximately caused by the breach. *Chandler*, 207 Ill. 2d at 340, 798 N.E.2d at 728. To determine whether a duty exists, a court must consider the following

factors: (1) the reasonable foreseeability of the injury, (2) the likelihood of the injury, (3) the magnitude of guarding against the injury, and (4) the consequences of placing that burden on the defendant. *Bajwa*, 208 Ill. 2d at 427, 804 N.E.2d at 529; *Jones v. Chicago HMO Ltd. of Illinois*, 191 Ill. 2d 278, 303, 730 N.E.2d 1119, 1134 (2000); *Bucheleres v. Chicago Park District*, 171 Ill. 2d 435, 456, 665 N.E.2d 826, 836 (1996).

■ We are presented with the issue of whether a parent has a right to recover the wages lost while caring for a child who was injured as a result of a defendant's negligence. Surprisingly, there is little case law regarding this issue in Illinois. However, it is well established that a parent is allowed to recover the child's loss of earnings and medical and caretaking expenses during the child's minority. The Comment to instruction number 30.08 of the Illinois Pattern Jury Instructions provides as follows:

> "In actions for damages arising out of an injury to an unemancipated minor, the loss of earnings [and] medical and caretaking expense during the child's minority are recoverable by the parents. The child, therefore, is limited to the loss of earnings [and] medical or caretaking expense he would have incurred after reaching his majority. *Wolczek v. Public Service Co. of N. Ill.*, 342 Ill. 482, 496, 174 N.E. 577, 583 (1930). The usual practice in Illinois, however, is to sue for all damages *in the minor's action*. This is accomplished by alleging an assignment[ ] or waiver or relinquishment by the parents of their right to recover these damages. *Curtis v. Lowe*, 338 Ill. App. 463, 87 N.E.2d 865 (2d Dist. 1949)." (Emphasis added.) Illinois Pattern Jury Instructions, Civil, No. 30.08, Comment, at 141 (1995).

In the case at bar, the issue of plaintiff's lost wages was brought in a separate cause of action because the minor's cause of action had been settled and plaintiff's claim of lost wages had not been addressed in the minor's settlement documents.

Historically, there is some support for plaintiff's position. In *Seltzer v. Saxton*, 71 Ill. App. 229 (1896), a father brought a negligence cause of action against a store owner. The father sought damages for the care he provided to his son after his son had been blinded in one eye as a result of the store owner's actions. According to the syllabus of the opinion, the father argued that "[i]n a suit by a parent for loss of services, the parent may recover for time spent in caring for and nursing the child. Connell v. Putnam, 58 New Hampshire, 534." *Seltzer*, 71 Ill. App. at 232. In affirming a jury verdict in the amount of $2,900 for the father, the court held: "The plaintiff was entitled to recover a reasonable sum for actual loss sustained and to be sustained by reason

of the defendant's act. This actual loss would be made up of expense and trouble in caring for the child and the deprivation of his services during minority." *Seltzer*, 71 Ill. App. at 233. Similarly, in *Baltimore & O. S.-W. Ry. Co. v. Keck*, 89 Ill. App. 72 (1899), the court allowed a parent to recover for medical bills and for necessary care in nursing the boy until his recovery, *because it was the parent's duty to care for his boy. Keck*, 89 Ill. App. at 78.

More recently, in *Doe v. Montessori School of Lake Forest*, 287 Ill. App. 3d 289, 678 N.E.2d 1082 (1997), a private preschool student, by her father and next friend, and her parents, on their own behalf, sued the school and its employees. The plaintiffs sought damages for negligence, intentional torts, negligent or intentional infliction of emotional distress, fraudulent concealment, and conspiracy to conceal, in connection with alleged sexual contact committed against the student. The circuit court dismissed the cause of action. The plaintiffs argued that the trial court had erred when it found that the parents, John and Mary Doe, could not maintain an independent cause of action for the intentional infliction of emotional distress, civil conspiracy, or fraudulent concealment because their claims derived from plaintiff Jane Doe's claims against defendants.

■ In reversing the trial court, the appellate court determined that although parents do not have a primary cause of action against a defendant for injuries received by their child, "it is universally recognized that parents may maintain an action in their own right for any impairment of parental rights caused by the injuries, *particularly for any pecuniary losses suffered as a result of the injuries*." (Emphasis added.) *Doe*, 287 Ill. App. 3d at 301-02, 678 N.E.2d at 1092. The court reasoned, "[T]he parent's right of action, although distinct from the child's right of action, is based upon and arises out of the negligence that causes the injury to the child." *Doe*, 287 Ill. App. 3d at 302, 678 N.E.2d at 1092.

■ Additionally, support for plaintiff's position can be found in the decisions of other states and in the Restatement (Second) of Torts. Section 703 of the Restatement (Second) of Torts, entitled "*Action by Parent for Harm Caused by Tort Against Minor Child*," states:

> "One who by reason of his tortious conduct is liable to a minor child for illness or other bodily harm is subject to liability to
> ***
> (b) the parent who is under a legal duty to furnish medical treatment for any expenses reasonably incurred or likely to be incurred for the treatment during the child's minority." Restatement (Second) of Torts § 703, at 510 (1977).

"Medical expenses may include *reasonable value of services of parent*

*who misses work to care for the child.*" (Emphasis added.) Restatement (Second) of Torts § 703, Comment *g*, at 545 (1981); see also *Lester v. Dunn*, 475 F.2d 983 (D.C. Cir. 1973) (a parent is allowed to recover the reasonable expenses of procuring medical treatment and care for a child); *Schurk v. Christensen*, 80 Wash. 2d 652, 497 P.2d 937 (1972) (parents were allowed to recover lost wages for caring for their child, who had been sexually molested by defendant); *Mancino v. Webb*, 274 A.2d 711 (Del. Super. 1971) (expenses incurred to be with an injured child are recoverable).

In *Mancino v. Webb*, the issue was whether parents' expenses for travel, lodging, telephone calls, and lost wages, incurred in order for the parents to be with an injured minor, were recoverable in the minor's action for damages for the injuries. *Mancino*, 274 A.2d 711. The *Mancino* court, relying on *Woodman v. Peck*, 90 N.H. 292, 7 A.2d 251 (1939), found that these expenses, which had been incurred to be with or to establish contact with an injured child in order to comfort or cheer the child to recovery, may be, in a proper case, reasonably incurred and thus recoverable elements of damages. Conversely, lost wages would not be so reasonably incurred and, thus, were not proper elements of damage. See 22 Am. Jur. 2d *Damages* § 81 (2003). However, "the measure of recovery for care furnished an injured child by the parent after the child departs the hospital is not the wages lost by the parent, *but rather the reasonable value of the care or attendance rendered.*" (Emphasis added.) *Mancino*, 274 A.2d at 713; see also 59 Am. Jur. 2d *Parent & Child* § 80 (2002).

In *Lester v. Dunn*, the federal court applied the law of Maryland, the place where the tort had occurred, and observed as follows:

> "The Supreme Court of Maryland decided long ago that when a minor is injured[,] his mother is entitled to recover for the care and labor of nursing him. *See* County Commissioners of Harford County v. Hamilton, 60 Md. 340 (1883). This is consistent with the generally accepted view. Where a child is injured, the parent may recover 'the reasonable expenses of procuring medical treatment and care[,]' and where the parent provides that care him- or herself, '[t]he value of the parent's own services, as nurse or otherwise, is recoverable ***.' C. McCormick, Law of Damages 328-329 & n.6 (1935), and cases there cited. Where 'circumstances render it necessary or advisable for the parent to quit work to attend the child, rather than employ another to attend him, it would seem that the parent should recover the loss of wages.' *Id.* at 329 n.6." *Lester*, 475 F.2d at 985-86.

Defendant argues that we must place reasonable restrictions on the scope of tort liability and not extend it inappropriately. Defendant

appropriately cautions this court with the language from the Illinois Supreme Court in *Cockrum v. Baumgartner*, 95 Ill. 2d 193, 447 N.E.2d 385 (1983), wherein it is stated: " 'Every injury has ramifying consequences, like the ripplings of the waters, without end. The problem for the law is to limit the legal consequences of wrongs to a controllable degree.' " *Cockrum*, 95 Ill. 2d at 203, 447 N.E.2d at 390, quoting *Tobin v. Grossman*, 24 N.Y.2d 609, 619, 249 N.E.2d 419, 424, 301 N.Y.S.2d 554, 561 (1969); see also *Dralle v. Ruder*, 124 Ill. 2d 61, 69-70, 529 N.E.2d 209, 213 (1988).

■ We find that it is reasonably foreseeable that an injury to a minor child would result in his or her parent expending time in caring for the child and that there is a sufficient likelihood of the parent suffering pecuniary injury. The magnitude of guarding against the injury is no greater than that of guarding against the injury to the child. The consequence of placing the burden on the defendant to pay the reasonable value of the services rendered to the minor child by the parent is no greater than if the expense had been incurred in employing a third person to deliver the service. We decline plaintiff's request for lost wages because it would insert a level of unforeseeability that is not necessary in order for plaintiff to receive a reasonable recovery for the care of the minor child.

In summary, we find that plaintiff should be allowed to recover the reasonable value of caretaking services that would have been allowed if someone had been employed to take care of her child, as permitted by Illinois pattern instruction No. 30.09 (Illinois Pattern Jury Instructions, Civil, No. 30.09 (1995)), which is entitled "30.09 Measure of Damages—Caretaking Expense—Past and Future—Adult Plaintiff, Emancipated Minor, or Minor Whose Parent Has Assigned Claim to Minor" and states, "The reasonable expense of necessary help which has been required as a result of his injury [and the present cash value of such expense reasonably certain to be required in the future]."

## CONCLUSION

For the foregoing reasons, we reverse the judgment of the circuit court of Pope County and remand the cause for further proceedings.

Reversed; cause remanded.

CHAPMAN, P.J., and KUEHN, J., concur.